UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDIE PIERRELOUIS, a minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually,

    Plaintiff(s),

-against-

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER, and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,

    Defendant(s).

JUDGE ROBINSON
08 CV 0123

DOCKET NO.:

COMPLAINT

TRIAL BY JURY DEMANDED

The Plaintiffs, FREDDIE PIERRELOUIS, a Minor under 14 years of age by his Father and Natural Guardian, EDDIE PIERRELOUIS, and FREDDIE PIERRELOUIS, Individually, by their attorneys NAPOLI BERN RIPKA, LLP, state and allege the following upon information and belief against Defendant(s):

### THE PARTIES

1. Plaintiffs, FREDDIE PIERRELOUIS, a Minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually, are residents of the State of Pennsylvania, County of Luzerne.

2. That at all times herein mentioned, the Defendant, ESTHER BEKRITSKY, M.D. was a physician duly licensed by the State of New York to render physician's services to members of the public, and to the Plaintiff FREDDIE PIERRELOUIS.

3. That at all times herein mentioned, the Defendant, GERSON GLUCK, M.D. was a physician duly licensed by the State of New York to render physician's services to members of the public, and to the Plaintiff FREDDIE PIERRELOUIS.

4. That at all times herein mentioned, the Defendant, GAVIN JOFFE, M.D. was a physician duly licensed by the State of New York to render physician's services to members of the public, and to the Plaintiff FREDDIE PIERRELOUIS.

5. That at all times herein mentioned, the Defendant, ERIC SILVA, M.D. was a physician duly licensed by the State of New York to render physician's services to members of the public, and to the Plaintiff FREDDIE PIERRELOUIS.

6. That at all times herein mentioned, the Defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown) was a physician duly licensed by the State of New York to render physician's services to members of the public, and to the Plaintiff FREDDIE PIERRELOUIS.

7. That at all times herein mentioned, the Defendant, FE MURPHY, M.D. was a physician duly licensed by the State of New York to render physician's services to members of the public, and to the Plaintiff FREDDIE PIERRELOUIS.

8. That at all times herein mentioned, defendant, MONSEY FAMILY MEDICAL CENTER was and is a professional corporation, partnership or other entity duly organized and existing under the laws of the State of New York, having its principal place of business at 40 Robert Pitt Drive, Monsey, New York.

9. That at all times herein mentioned, defendant, MONSEY FAMILY MEDICAL CENTER, held itself out to the public and more particularly to the plaintiff as utilizing and

employing medical personnel possessing the proper degree of learning and skill and it undertook to use reasonable care and diligence in the treatment of plaintiff, FREDDIE PIERRELOUIS.

10. That at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL MEDICAL CENTER was and is a professional corporation, partnership or other entity duly organized and existing under the laws of the State of New York, having its principal place of business at Route 59, Suffern, New York.

11. That at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL MEDICAL CENTER, held itself out to the public and more particularly to the plaintiff as utilizing and employing medical personnel possessing the proper degree of learning and skill and it undertook to use reasonable care and diligence in the treatment of plaintiff, FREDDIE PIERRELOUIS.

## AS AND FOR A FIRST CAUSE OF ACTION:
## MEDICAL MALPRACTICE

12. Plaintiff repeats realleges and reiterates each and every one of the paragraphs numbered "1" through "11" as if fully set forth herein.

13. That at all times herein mentioned, the defendants', their agents, servants, partners and/or employees undertook and agreed to render medical care to the plaintiff herein and did render medical care and treatment that occurred on or about April 19, 2002 and continuing up to and including April 24, 2002.

14. That at all times herein mentioned, the Defendant, ESTHER BEKRITSKY, M.D. held himself out to the Plaintiff as a physician qualified to practice medicine.

15. That at all times herein mentioned, the Defendant ESTHER BEKRITSKY, M.D. held himself out to the Plaintiff as a physician qualified to practice medicine in the field of pediatric ophthalmology and strabismus.

3

16. That at all times herein mentioned, defendant, ESTHER BEKRITSKY, M.D. received compensation for the services rendered to plaintiff, FREDDIE PIERRELOUIS.

17. That at all times herein mentioned, defendant, ESTHER BEKRITSKY, M.D. maintained a professional corporation duly organized and existing under the laws of the State of New York.

18. That at all times herein mentioned, defendant, ESTHER BEKRITSKY, M.D. had and still has a principal place of business at 40 Robert Pitt Drive Monsey, NY 10952.

19. That at all times herein mentioned, the Defendant ESTHER BEKRITSKY, M.D. rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

20. That at all times herein mentioned, defendant, ESTHER BEKRITSKY, M.D. was managing the medical care of FREDDIE PIERRELOUIS.

21. That at all times herein mentioned, defendant, ESTHER BEKRITSKY, M.D. maintained the care of FREDDIE PIERRELOUIS.

22. That at all times herein mentioned defendant, ESTHER BEKRITSKY, M.D. supervised the care of FREDDIE PIERRELOUIS.

23. That at all times herein mentioned defendant ESTHER BEKRITSKY, M.D. controlled the care of FREDDIE PIERRELOUIS.

24. That at all times herein mentioned, the Defendant, GERSON GLUCK, M.D. held himself out to the Plaintiff as a physician qualified to practice medicine.

25. That at all times herein mentioned, the Defendant GERSON GLUCK, M.D. held himself out to the Plaintiff as a physician qualified to practice medicine in the field of pediatric ophthalmology and strabismus.

26. That at all times herein mentioned, defendant, GERSON GLUCK, M.D., received compensation for the services rendered to plaintiff, FREDDIE PIERRELOUIS.

27. That at all times herein mentioned, defendant, GERSON GLUCK, M.D., maintained a professional corporation duly organized and existing under the laws of the State of New York.

28. That at all times herein mentioned, defendant, GERSON GLUCK, M.D., had and still has a principal place of business at Route 59, Suffern, NY 10901.

29. That at all times herein mentioned, the Defendant GERSON GLUCK, M.D. rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

30. That at all times herein mentioned, defendant, GERSON GLUCK, M.D., was managing the medical care of FREDDIE PIERRELOUIS.

31. That at all times herein mentioned, defendant, GERSON GLUCK, M.D., maintained the care of FREDDIE PIERRELOUIS.

32. That at all times herein mentioned defendant, GERSON GLUCK, M.D., supervised the care of FREDDIE PIERRELOUIS.

33. That at all times herein mentioned defendant GERSON GLUCK, M.D., controlled the care of FREDDIE PIERRELOUIS.

34. That at all times herein mentioned, the Defendant, GAVIN JOFFE, M.D., M.D. held himself out to the Plaintiff as a physician qualified to practice medicine.

35. That at all times herein mentioned, the Defendant GAVIN JOFFE, M.D., M.D. held himself out to the Plaintiff as a physician qualified to practice medicine in the field of pediatric ophthalmology and strabismus.

36. That at all times herein mentioned, defendant, GAVIN JOFFE, M.D., M.D. received compensation for the services rendered to plaintiff, FREDDIE PIERRELOUIS.

37. That at all times herein mentioned, defendant, GAVIN JOFFE, M.D., maintained a professional corporation duly organized and existing under the laws of the State of New York.

38. That at all times herein mentioned, defendant, GAVIN JOFFE, M.D., had and still has a principal place of business at Route 59, Suffern, NY 10901.

39. That at all times herein mentioned, the Defendant GAVIN JOFFE, M.D., rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

40. That at all times herein mentioned, defendant, GAVIN JOFFE, M.D., was managing the medical care of FREDDIE PIERRELOUIS.

41. That at all times herein mentioned, defendant, GAVIN JOFFE, M.D., maintained the care of FREDDIE PIERRELOUIS.

42. That at all times herein mentioned defendant, GAVIN JOFFE, M.D., supervised the care of FREDDIE PIERRELOUIS.

43. That at all times herein mentioned defendant GAVIN JOFFE, M.D., controlled the care of FREDDIE PIERRELOUIS.

44. That at all times herein mentioned, the Defendant, ERIC SILVA, M.D., held himself out to the Plaintiff as a physician qualified to practice medicine.

45. That at all times herein mentioned, the Defendant ERIC SILVA, M.D., held himself out to the Plaintiff as a physician qualified to practice medicine in the field of pediatric ophthalmology and strabismus.

46. That at all times herein mentioned, defendant, ERIC SILVA, M.D., received compensation for the services rendered to plaintiff, FREDDIE PIERRELOUIS.

47. That at all times herein mentioned, defendant, ERIC SILVA, M.D., maintained a professional corporation duly organized and existing under the laws of the State of New York.

48. That at all times herein mentioned, defendant, ERIC SILVA, M.D., had and still has a principal place of business at Route 59, Suffern, NY 10901.

49. That at all times herein mentioned, the Defendant ERIC SILVA, M.D., rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

50. That at all times herein mentioned, defendant, ERIC SILVA, M.D., was managing the medical care of FREDDIE PIERRELOUIS.

51. That at all times herein mentioned, defendant, ERIC SILVA, M.D., maintained the care of FREDDIE PIERRELOUIS.

52. That at all times herein mentioned defendant, ERIC SILVA, M.D., supervised the care of FREDDIE PIERRELOUIS.

53. That at all times herein mentioned defendant ERIC SILVA, M.D., controlled the care of FREDDIE PIERRELOUIS.

54. That at all times herein mentioned, the Defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), held himself out to the Plaintiff as a physician qualified to practice medicine.

55. That at all times herein mentioned, the Defendant "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), held himself out to the Plaintiff as a physician qualified to practice medicine in the field of pediatric ophthalmology and strabismus.

56. That at all times herein mentioned, defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), received compensation for the services rendered to plaintiff, FREDDIE PIERRELOUIS.

57. That at all times herein mentioned, defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), maintained a professional corporation duly organized and existing under the laws of the State of New York.

58. That at all times herein mentioned, defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), had and still has a principal place of business at Route 59, Suffern, NY 10901.

59. That at all times herein mentioned, the Defendant "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

60. That at all times herein mentioned, defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), was managing the medical care of FREDDIE PIERRELOUIS.

61. That at all times herein mentioned, defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), maintained the care of FREDDIE PIERRELOUIS.

62. That at all times herein mentioned defendant, "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), supervised the care of FREDDIE PIERRELOUIS.

63. That at all times herein mentioned defendant "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), controlled the care of FREDDIE PIERRELOUIS.

64. That at all times herein mentioned, the Defendant, FE MURPHY, M.D. held himself out to the Plaintiff as a physician qualified to practice medicine.

65. That at all times herein mentioned, the Defendant FE MURPHY, M.D. held himself out to the Plaintiff as a physician qualified to practice medicine in the field of pediatric ophthalmology and strabismus.

66.  That at all times herein mentioned, defendant, FE MURPHY, M.D. received compensation for the services rendered to plaintiff, FREDDIE PIERRELOUIS.

67.  That at all times herein mentioned, defendant, FE MURPHY, M.D. maintained a professional corporation duly organized and existing under the laws of the State of New York.

68.  That at all times herein mentioned, defendant, FE MURPHY, M.D. had and still has a principal place of business at Route 59, Suffern, NY 10901.

69.  That at all times herein mentioned, the Defendant FE MURPHY, M.D. rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

70.  That at all times herein mentioned, defendant, FE MURPHY, M.D. was managing the medical care of FREDDIE PIERRELOUIS.

71.  That at all times herein mentioned, defendant, FE MURPHY, M.D. maintained the care of FREDDIE PIERRELOUIS.

72.  That at all times herein mentioned defendant, FE MURPHY, M.D. supervised the care of FREDDIE PIERRELOUIS.

73.  That at all times herein mentioned defendant FE MURPHY, M.D. controlled the care of FREDDIE PIERRELOUIS.

74.  That at all times herein mentioned, the Defendant MONSEY FAMILY MEDICAL CENTER, it's agents, servants, partners and/or employees rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

75.  That at all times herein mentioned, defendant, MONSEY FAMILY MEDICAL CENTER, it's agents, servants, partners and/or employees was managing the medical care of FREDDIE PIERRELOUIS.

76. That at all times herein mentioned, defendant, MONSEY FAMILY MEDICAL CENTER, it's agents, servants, partners and/or employees maintained the care of FREDDIE PIERRELOUIS.

76. That at all times herein mentioned, defendant, MONSEY FAMILY MEDICAL CENTER, it's agents, servants, partners and/or employees supervised the care of FREDDIE PIERRELOUIS.

77. That at all times herein mentioned, defendant, MONSEY FAMILY MEDICAL CENTER, it's agents, servants, partners and/or employees controlled the care of FREDDIE PIERRELOUIS.

78. That at all times herein mentioned, the Defendant GOOD SAMARITAN HOSPITAL MEDICAL CENTER, it's agents, servants, partners and/or employees rendered services to Plaintiff FREDDIE PIERRELOUIS, in the nature of medical diagnosis and treatment.

79. That at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL MEDICAL CENTER, it's agents, servants, partners and/or employees was managing the medical care of FREDDIE PIERRELOUIS.

80. That at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL MEDICAL CENTER, it's agents, servants, partners and/or employees maintained the care of FREDDIE PIERRELOUIS.

81. That at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL MEDICAL CENTER, it's agents, servants, partners and/or employees supervised the care of FREDDIE PIERRELOUIS.

82. That at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL MEDICAL CENTER, it's agents, servants, partners and/or employees controlled the care of FREDDIE PIERRELOUIS.

83. The medical care rendered by the defendants', their agents, servants, partners, and/or employees was rendered in a negligent, careless, and unskilled manner, which departed and deviated from the accepted standards of medical care.

84. The defendants, their agents, servants, partners and/or employees negligently and carelessly departed from good and accepted medical practices and procedures rendered for and on behalf of plaintiff; in that they negligently and carelessly failed to heed plaintiff's condition; performed contraindicated procedures; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians and medical care facilities.

85. That said occurrence was due to the carelessness and professional negligence the defendants', their agents, servants, partners, and/or employees committed for failure to timely diagnose and treat plaintiff's medical condition and treat the plaintiff with the accepted and proper medical management and care all without any fault or lack of care on the part of the plaintiff.

86. As a result of the aforementioned negligence and the careless treatment rendered by the defendants, minor plaintiff FREDDIE PIERRELOUIS was caused to sustained severe, serious and permanent injuries that have rendered him sick, sore, lame and disabled.

87. The aforesaid incident and its resulting injuries was caused or permitted by the careless and negligent conduct of the defendants herein, their agents, servants and/or employees. Said occurrence and resulting injuries occurred without any fault or wrongdoing

on the part of the plaintiff contributing thereto.

88. The aforesaid occurrence and its resulting injuries were caused or permitted by the medical malpractice of the defendants herein.

89. By reason of the foregoing, minor plaintiff FREDDIE PIERRELOUIS, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction in this matter.

## AS AND FOR A SECOND CAUSE OF ACTION: LACK OF INFORMED CONSENT

90. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "89" inclusive with the same force and effect as if hereinafter set forth at length.

91. Defendants herein failed to inform plaintiffs, FREDDIE PIERRELOUIS, an Minor by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually, of the risks, hazards and alternatives connected to the medical care prescribed so that informed consent could be given.

92. Reasonably prudent persons in the plaintiff's position would not have consented to the treatment rendered, in connection with the plaintiff's condition if they had been fully informed of the risks, hazards and alternatives connected with said procedures.

93. The failure to adequately and fully inform the plaintiffs of the risks, hazards and alternatives of the medications prescribed and the treatment rendered in connection with the treatment of the plaintiff is a proximate cause of the injuries the plaintiff sustained.

94. As a consequence of the foregoing, there was no informed consent to the treatment rendered.

95. Reasonably prudent persons in the plaintiff's position would not have consented to the treatment rendered, in connection with the plaintiff's condition if they had been fully informed of the risks, hazards and alternatives connected with said procedures.

96. The defendants' failure to adequately and fully inform the plaintiffs of the risks, hazards and alternatives of the medications prescribed and the treatment rendered in connection with the treatment of the plaintiff is a proximate cause of the injuries the minor plaintiff sustained.

97. As a consequence of the foregoing, there was no informed consent to the treatment rendered.

98. By reason of the foregoing the minor plaintiff FREDDIE PIERRELOUIS, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction in this matter.

## AS AND FOR A THIRD CAUSE OF ACTION:
## ON BEHALF OF THE FATHER

99. The Plaintiffs repeat and reallege the allegations in paragraphs "1" through "98" as if fully set forth herein.

100. Plaintiff, EDDY PIERRELOUIS, was and still is the lawful father and natural guardian of minor plaintiff, FREDDIE PIERRELOUIS, and as such is entitled to his services.

101. At all times herein referred to, plaintiff, EDDY PIERRELOUIS, has been deprived of the support and services of the minor plaintiff, FREDDIE PIERRELOUIS, all to his damage.

102. As a result of the foregoing, plaintiff, FREDDIE PIERRELOUIS, claims damages in a sum in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION: VICARIOUS LIABILITY

103. Plaintiff repeats, reiterates, realleges each and every allegation contained in those paragraphs marked and designated "1" through "102", with the same force and effect as if fully set forth herein.

104. Defendants prior to the granting or renewing of privileges or employment of defendants, residents, and others involved in the plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, residents, and other employees including, but not limited to, obtaining the following information: patient grievances, negative health care, outcomes, incidents and injuries to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or in any other state, the substance of the allegations and such proceedings and any additional information concerning such proceedings and the findings of such proceedings, and failed to make sufficient inquiry of the doctors, and/or employee in institutions which should and did have information relative to the capacity, capability, ability and competence of said persons rendering treatment.

105. Had the defendants made the above described inquiry or, in the alternative, had the defendants reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

106. By reason of the defendants' failure to meet the aforementioned obligation, plaintiff was treated by doctors, and/or other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which the plaintiff sustained severe injuries and complications.

107. By reason of the foregoing, the minor plaintiff, FREDDIE PIERRELOUIS, has been damaged in an amount, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction in this matter.

**WHEREFORE,** plaintiffs demand judgment against the Defendants herein on the First Cause of Action; the Second Cause of Action; the Third Cause of Action and the Fourth Cause of Action, in an amount that exceeds the Jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of same allowed by law.

Dated: New York, New York
       December 20, 2007

_____
Marc J. Bern (MJB-6608)

NAPOLI BERN RIPKA, LLP
Attorney for Plaintiffs
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Marc J. Bern, an attorney duly admitted to practice law in the Courts of this State, affirms the following under the penalties of perjury:

I am the attorney for the plaintiffs in the within action. I have read the foregoing **SUMMONS & VERIFIED COMPLAINT** and know the contents thereof, and upon information and belief, affirmant believes the matters alleged therein to be true.

The reason this verification is made by affirmant and not by the plaintiffs is that the plaintiffs herein reside in a County other than the County in which I maintain my offices.

The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated:    New York, New York
          December 20, 2007

                                              _____
                                              Marc J. Bern (MJB-6608)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDIE PIERRELOUIS, an minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually,

                              Plaintiff(s),

-against-

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER, and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,

                              Defendant(s).

DOCKET NO.:

CERTIFICATE OF MERIT

The undersigned, attorney for Plaintiff(s), declares that,

*(Check the appropriate box and cross out inapplicable italicized words.)*

☑ I have reviewed the facts of the case and have consulted with at least one *physician* who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

☐ I was unable to obtain the consultation required by CPLR Section 3012-a(a)(1) because a limitation established by CPLR Article 2 would bar the action, and the certificate required by CPLR Section 3012-a(a)(1) could not reasonably be obtained before such time expired. The certificate required shall be filed within ninety days after services of the complaint.

☐ I was unable to obtain the consultation required by CPLR 3012-a(a)(1) because I have made three separate good faith attempts with three separate *physician dentist podiatrists* to obtain such consultation and none of those contacted would agree to such a consultation.

☐ I intend to rely solely on the doctrine of "res ipsa loquitur" and for that reason am not filing the certificate required by CPLR Section 3012-a(a)(1).

**Dated:** New York, New York
        December 20, 2007

                                              NAPOLI BERN RIPKA, LLP

                                              Marc J. Bern (MJB-6608)
                                              Attorneys for Plaintiff(s)
                                              115 Broadway, 12th Floor
                                              New York, New York 10006
                                              (212) 267-3700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDIE PIERRELOUIS, an minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually,<br><br>Plaintiff(s),<br><br>-against-<br><br>ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN" SILVERBERG, M.D. (first name being fictitious and unknown), FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER, and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,<br><br>Defendant(s). | DOCKET NO.: |

## SUMMONS AND COMPLAINT

**NAPOLI BERN RIPKA, LLP**
*Attorneys for*: Plaintiff
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

To
Attorney(s) for _____

Service of a copy of the within _____ is hereby admitted.
Dated, _____
ATTORNEY(S) FOR _____

PLEASE TAKE NOTICE:
☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of an _____ duly entered in the office of the clerk of the within named court on _____ 200__.
☐ **NOTICE OF SETTLEMENT**
that an order _____ of which the within is a true copy
will be presented for settlement to the HON. _____ one of the judges of the
within named Court, at _____ on _____ 200__
at _____ O'clock ___.M.

Dated, _____

Yours, etc.

Napoli Bern Ripka, LLP