UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDDIE PIERRELOUIS, a minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually,

Plaintiffs,

- against -

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN" SILVERBERG, M.D. (first name being fictitious and Unknown), FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER, and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,

Defendants.
------------------------------------------------------------------X

**08 CV 0123**
**(Judge Robinson)**

**ANSWER**

**TRIAL BY JURY DEMANDED**

Defendant GOOD SAMARITAN HOSPITAL, s/h/a "GOOD SAMARITAN HOSPITAL MEDICAL CENTER," by its attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, upon information and belief, answers the Complaint herein as follows:

**AS AND TO THE SECTION DESIGNATED "THE PARTIES"**

FIRST: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "1" through "9" and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

SECOND: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Complaint designated "10," except admits that GOOD SAMARITAN HOSPITAL was and is a non-profit domestic corporation that operates a hospital facility located in part at 255 Lafayette Avenue, Suffern, New York, with that degree of care, skill and diligence used and provided by hospital facilities generally in the same or similar

communities and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Complaint designated "11," except admits that at certain times not specifically set forth in the Complaint certain professional services were rendered to and for the infant-plaintiff at GOOD SAMARITAN HOSPITAL in accordance with accepted standards of care and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

**AS AND TO THE FIRST CAUSE OF ACTION**

FOURTH: Answering the paragraph of the Complaint designated "12," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the Complaint designated "1" through "11" with the same force and effect as if herein set forth at length.

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Complaint designated "13," except admits that at certain times not specifically set forth in the Complaint certain professional services were rendered to and for the infant-plaintiff at GOOD SAMARITAN HOSPITAL in accordance with accepted standards of care and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

SIXTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "14" through "77" and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "78" except admits that at certain times not specifically set forth in the Complaint certain professional services were rendered to and for the infant-plaintiff at GOOD SAMARITAN HOSPITAL in accordance with accepted standards of care and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

EIGHTH: Denies the allegations contained in the paragraphs of the Complaint designated "79" through "82," insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the allegations and begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

NINTH: Denies the allegations contained in the paragraphs of the Complaint designated "83" through "89" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

**AS AND TO THE SECOND CAUSE OF ACTION**

TENTH: Answering the paragraph of the Complaint designated "90," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the Complaint designated "1" through "89" with the same force and effect as if herein set forth at length.

ELEVENTH: Denies the allegations contained in the paragraphs of the Complaint designated "91" through "98" insofar as the allegations pertain to the answering defendant and otherwise denies knowledge or information sufficient to form a belief as to these allegations and begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

**AS AND TO THE THIRD CAUSE OF ACTION**

TWELFTH: Answering the paragraph of the Complaint designated "99," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the Complaint designated "1" through "98" with the same force and effect as if herein set forth at length.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "100" and otherwise begs leave to refer to all questions of law to the Court and all questions of fact to the trier thereof.

FOURTEENTH: Denies the allegations contained in the paragraphs of the Complaint designated "101," and "102," and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

**AS AND TO THE FOURTH CAUSE OF ACTION**

FIFTEENTH: Answering the paragraph of the Complaint designated "103," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the Complaint designated "1" through "102" with the same force and effect as if herein set forth at length.

SIXTEENTH: Denies the allegations contained in the paragraphs of the Complaint designated "104" through "107" and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

**FOR A FIRST DEFENSE**

SEVENTEENTH: That this action was not commenced against defendant until after the expiration of the time period specified in the applicable statute of limitations and any recovery based on the alleged causes of action herein is barred.

**FOR A SECOND DEFENSE**

EIGHTEENTH: That whatever damages may have been sustained at the time and place alleged in the Complaint by plaintiffs were caused, in whole or in part, by the culpable conduct of plaintiffs and without any negligence on the part of defendant. Damages, if any, are to be diminished proportionally to the culpable conduct of the plaintiffs.

**FOR A THIRD DEFENSE**

NINETEENTH: That as to the cause of action set forth in the Complaint based upon alleged failure to obtain an informed consent, defendant pleads the defenses in Public Health Law, Section 2805-d.

**FOR A FOURTH DEFENSE**

TWENTIETH: That the equitable share of liability, if any, of defendant GOOD SAMARITAN HOSPITAL, be determined pursuant to the provisions of Article 16 of the CPLR.

**FOR A FIFTH DEFENSE**

TWENTY-FIRST: That one or more of the causes of action in the Complaint fail to state a cause of action upon which relief may be granted.

**FOR A SIXTH DEFENSE**

TWENTY-SECOND: Plaintiff has failed to mitigate the alleged damages claimed herein.

**FOR A SEVENTH DEFENSE**

TWENTY-THIRD: The amount of alleged damages claimed by plaintiffs should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

**WHEREFORE,** defendant GOOD SAMARITAN HOSPITAL, s/h/a "GOOD SAMARITAN HOSPITAL MEDICAL CENTER," demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
February 4, 2008

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: ______________________
BRIAN M. HEALY (BH 2369)
Attorneys for Defendant
GOOD SAMARITAN HOSPITAL, s/h/a
"GOOD SAMARITAN HOSPITAL
MEDICAL CENTER"
Office & P.O. Address
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100

TO: Marc J. Bern, Esq.
NAPOLI BERN RIPKA, LLP
Attorneys for Plaintiffs
115 Broadway 12th Floor
New York, New York 10006
(212) 267-3700

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

**VIVIAN PÉREZ**, being sworn, says:

I am not a party to the action, am over 18 years of age and am employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

On **February 4, 2008**, I served a true copy of the annexed **ANSWER** in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

TO:

Marc J. Bern, Esq.
NAPOLI BERN RIPKA, LLP
Attorneys for Plaintiffs
115 Broadway, 12th Floor
New York, New York 10006

V. Pérez
**VIVIAN PÉREZ**

Sworn to before me this
4 day of February, 2008

NOTARY PUBLIC

BRIAN M. HEALY
Notary Public, State of New York
No. 01HE4947101
Qualified in Westchester County
Commission Expires February 13, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

FREDDIE PIERRELOUIS, a minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY PIERRELOUIS, Individually,

Plaintiff(s),

- against -

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN" SILVERBERG, M.D. (first name being fictitious and Unknown), FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER, and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,

Defendant(s).

--------------------------------------------------------------------X

**08 CV 0123**
**(Judge Robinson)**

**DEMAND FOR**
**TRIAL BY JURY**

**PLEASE TAKE NOTICE,** that pursuant to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, Defendant GOOD SAMARITAN HOSPITAL, s/h/a "GOOD SAMARITAN HOSPITAL MEDICAL CENTER," by its attorneys HEIDELL, PITTONI, MURPHY & BACH, LLP, hereby demands a trial by jury of all issues in the above-captioned action.

Dated: White Plains, New York
February 4, 2008

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: ______________________
BRIAN M. HEALY (BH 2369)
Attorneys for Defendant
GOOD SAMARITAN HOSPITAL, s/h/a
"GOOD SAMARITAN HOSPITAL
MEDICAL CENTER"
Office & P.O. Address
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100

502509.1

TO: Marc J. Bern, Esq.
NAPOLI BERN RIPKA, LLP
Attorneys for Plaintiffs
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

**VIVIAN PÉREZ**, being sworn, says:

I am not a party to the action, am over 18 years of age and am employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

On **February 4, 2008**, I served a true copy of the annexed **DEMAND FOR TRIAL BY JURY** in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

TO:

Marc J. Bern, Esq.
NAPOLI BERN RIPKA, LLP
Attorneys for Plaintiffs
115 Broadway, 12th Floor
New York, New York 10006

V. Pérez
**VIVIAN PÉREZ**

Sworn to before me this
4 day of February, 2008

NOTARY PUBLIC

BRIAN M. HEALY
Notary Public, State of New York
No. 01HE4947101
Qualified in Westchester County
Commission Expires February 13, 2011