UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDDIE PIERRELOUIS, a minor under 14 years of age
by his Father and Natural Guardian, EDDY PIERRELOUIS,
and EDDY PIERRELOUIS, Individually,

                                  Plaintiffs,

          -against-

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D.,
GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN"
SILVERBERG, M.D., (first name being fictitious and
unknown), FE MURPHY, M.D., MONSEY FAMILY
MEDICAL CENTER, and GOOD SAMARITAN
HOSPITAL MEDICAL CENTER,

                                Defendants.
-------------------------------------------------------------------X

Docket No.:
08 CV 0123 (SCR)

(Robinson, J.)

**INTERROGATORIES**

**PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant GOOD SAMARITAN HOSPITAL, s/h/a, "GOOD SAMARITAN HOSPITAL MEDICAL CENTER" hereby propounds the following Interrogatories to plaintiff, to be answered fully and separately in writing, under oath. Answers to these Interrogatories shall be provided within thirty (30) days of service, to the office of Heidell, Pittoni, Murphy & Bach, LLP, 81 Main Street, Suite 112, White Plains, New York 10601.

## INSTRUCTIONS

A.      To the extent that you object to any of the following interrogatories (or definitions and instructions applicable thereto), answer as much of such interrogatory and identify or produce the relevant documents in response thereto as is not objected to and state specifically each ground upon which objection is made. In the event any objection is made upon grounds of asserted privilege, state the nature of the privilege claimed and describe the subject matter to which such claim of privilege relates.

513655.1

B.    These interrogatories shall be deemed continuing.  You shall produce, in the form of supplementary answers, any information or documents requested herein which are unavailable to you at the time you submit your answers hereto, but which become available to you or to any of your attorneys, agents, or representatives up to the time of trial without further notice.

C.    Each interrogatory shall be accorded a separate answer.  Interrogatories shall not be combined for the purpose of supplying by reference the answer to another interrogatory.

## DEFINITIONS

As used herein:

A.    "Person" means any natural person, corporation, partnership, association, joint venture and other organization or entity.

B.    "Document" means any and all drafts, originals, and non-identical copies of any writings, drawings, graphs, charts, photographs, including but not limited to any book, pamphlet, periodical, letter, e-mail, memorandum, telegram, report, record, study, handwritten or other note or summary of any telephone or personal conversation, working paper, index, tape, disc, data sheet or data processing card, or any other written or graphic matter, however produced or reproduced, in the possession, custody or control of plaintiff, plaintiff's attorneys or any expert witness retained by plaintiff in connection with this matter.

C.    "Communication(s)" means any form of exchange of information, knowledge or data between or among two or more persons, including, without limitation, documentary, e-mail and oral communications or representations up to the time of trial without further notice.

D.    "Identify" means, when used in reference to:

513655.1

1.    A natural person, his or her:

    a.    present or last known home and business address (including street name and number, city or town and state); and

    b.    present or last known position, business affiliation, and job description.

2.    A company, corporation, association, partnership, or any entity other than a natural person its:

    a.    full name and type of organization or entity; and

    b.    address of principal place of business.

3.    A document:

    a.    Its description (e.g., letter, memorandum, report, e-mail, etc.);

    b.    its title and date, and the number of pages thereof;

    c.    the identity of its author, signer, and any person who participated in its preparation;

    d.    the identity of all addresses or recipients;

    e.    its present location and the identity of its custodian; and

    f.    its subject matter.

If any document which you would have identified in response to any interrogatory was, but is no longer in your possession or subject to your control, in addition to all of the above requested information of which you have knowledge, state the present location of the document. If any privilege is asserted with respect to any document, in addition to all the above requested information of which you have knowledge, specify the nature of the privilege and state the basis upon which it is claimed.

4.    An oral communication:

    a.    the date (or best approximate date), time and place it occurred;

   b.    the identity of each person to whom such communication was made and of each person who was present when such communication was made; and

   c.    the complete substance of the communication.

E.    If any privilege is asserted with respect to an oral communication, in addition to all the above requested information of which you have knowledge, specify the nature of the privilege and state the basis upon which it is claimed.

F.    "Hospital" means any medical/healthcare facility, including but not limited to hospitals, sanatoriums, rest homes, clinics and emergency department facilities.

G.    "Physician" and "Health Care Provider" means any person with medical training, including but not limited to doctors, interns, residents, radiologists, x-ray technicians, psychologists, psychiatrists, chiropractors, physical and occupational therapists, osteopaths, pharmacists, nurses, nurse practitioners, physician assistants, optometrists, etc.

H.    "Complaint" means plaintiff's Complaint in this action, which was filed on January 7, 2008.

I.    Unless otherwise specified, "Plaintiff" means FREDDIE PIERRELOUIS, a minor under 14 years of age by his Father and Natural Guardian, EDDY PIERRELOUIS and EDDY PIERRELOUIS, Individually.

J.    The term "Infant-plaintiff" refers to FREDDIE PIERRELOUIS.

K.    "You" means you, your agents, your attorneys, your employees, your accountants, your investigators and anyone else acting on your behalf.

L.    "Defendant" shall mean GOOD SAMARITAN HOSPITAL, s/h/a "GOOD SAMARITAN HOSPITAL MEDICAL CENTER."

M.    "Alleged occurrence" and "alleged events" refer to those allegations contained in plaintiff's Complaint filed on January 7, 2008.

513655.1

## INTERROGATORIES

1.     Please state the following:

     a.    your full name and any other names(s) by which you have been known;

     b.    your date of birth;

     c.    your home addresses for the past ten (10) years; and

     d.    your social security number;

2.     Set forth the name and address of each educational institution you attended beginning with your junior high school(s), including any technical and/or occupational training programs, stating the periods of attendance at each, whether you graduated, and the date(s) of graduation and degree(s) received, if any.

3.     Are you or have you ever been engaged in gainful employment?  If so, state:

     a.    the name and address of each employer, the inclusive dates of each employment, the duties performed, and the average weekly compensation received from each employer; and

     b.    if self employed: the name and address of the business, the nature of your duties, the nature of the business and the income you received there from.

4.     State whether you have ever been convicted of, pleaded guilty to or pleaded no contest to any crime and/or violation.  If so, set forth in detail the following:

     a.    the date of each such conviction or plea;

     b.    whether the matter was resolved by plea or conviction;

     c.    the offense to which you pleaded or of which you were convicted;

     d.    the town or city and county and state in which the plea was entered or in which the conviction occurred; and

     e.    list the dates and locations for all incarcerations.

513655.1

5. At the time of the incident alleged in this action, did the infant-plaintiff suffer from any preexisting injury, sickness, disease or health abnormality of any kind? If so, set forth in detail the following:

    a. the nature of the injury, sickness, disease or abnormality.

    b. the date he contracted or was diagnosed with each such condition.

    c. the name and address of each physician or hospital by whom and at which he was examined.

6. Prior to the alleged occurrences, was the infant-plaintiff ever treated, examined and/or under the care of any health care providers? If so, set forth in detail the following:

    a. the name and address of each health care provider;

    b. the dates and duration in which he was treated, examined and/or under the care of the health care provider; and

    c. the reason for the examination and any diagnoses.

7. State whether the infant-plaintiff was ever diagnosed with any health condition(s).

    a. at what medical facility was he diagnosed?

    b. by whom was he diagnosed?

    c. was he prescribed any medications?

    d. if so, state what medications were prescribed, the doses prescribed, and the time periods for which he was prescribed such medication; and

    e. state whether you had discussed his condition with any medical care provider. If so, state the name and address of each medical care provider and the dates on which you had such discussions.

8. State the nature of the alleged negligent acts committed by the defendant, including but not limited to:

513655.1

a.   the date and time of the alleged negligent acts;

b.   the exact location where the alleged negligent acts are alleged to have occurred;

c.   the names and addresses of any witnesses to the alleged negligent acts;

d.   each act and/or omission which is the basis of your claims against defendant;

e.   the conditions, signs, symptoms, illnesses or other maladies that were allegedly (1) ignored, (2) misdiagnosed, or (3) not diagnosed by defendant;

f.   the diagnosis, prognosis, treatment and/or procedure which you claim was improperly performed by defendant;

g.   identify all laws, rules or regulations allegedly violated by defendant;

h.   identify the alleged departure(s) from accepted medical practice by defendant;

i.   identify the accepted medical practice that should have been followed by defendant, during treatment of the infant-plaintiff.

9.   State any State and/or Federal statutes, regulations, and ordinances, which you claim defendant violated.

10.   Set forth each and every injury claimed and the amount of damages attributable to each.

11.   State whether you have received any collateral source payments for medical care and/or disability such as insurance, social security or employee benefit programs. If so, please identify each collateral source by name and provide an address and claim number for each collateral source provider.

12.   What is the name, last known address and present whereabouts, if known, of each person whom you, or anyone acting on your behalf, knows or believes to have knowledge of the facts or circumstances relevant to the subject matter of this litigation?

513655.1

13.     As to each person identified in the answer to the preceding interrogatory, set forth:

a.     a general statement of this knowledge relative to the subject matter in this litigation; and

b.     whether any communication was had between this person and any defendant, and the dates and place of this communication.

14.     State the accepted medical practice, customs and medical standards which it will be claimed were violated and departed from by the defendant.

15.     Did anyone criticize, in any respect, the care and/or treatment rendered to the infant-plaintiff by the defendant?  If so, identify any such person who made a criticism by name, address and profession and describe the substance of the criticism and dates made.

16.     State whether any police reports, accident reports and/or incident reports were ever filled out and/or filed in relation to any of the injuries, damages or treatment specified in the Complaint.

17.     Identify with respect to the loss of services sustained by you as a result of the alleged injuries, damages or treatment specified in the Complaint:

a.     the particular services that you allege you did not receive as a result of the incident alleged in the Complaint; and

b.     the specific dates that you were without these services.

18.     Itemize all other losses or expenses being claimed.

513655.1

Dated: White Plains, New York
      May 9, 2008

                                  Respectfully submitted,

                                  HEIDELL, PITTONI, MURPHY & BACH, LLP

                                  By:   _____

                                      BRIAN M. HEALY (2369)
                                      Attorneys for Defendant
                                      GOOD SAMARITAN HOSPITAL s/h/a
                                      GOOD SAMARITAN HOSPITAL
                                      MEDICAL CENTER
                                      Office & P.O. Address
                                      81 Main Street, Suite 112
                                      White Plains, New York 10601
                                      (914) 559-3100

TO:    NAPOLI, BERN & RIPKA, LLP
       Attorneys for Plaintiffs
       115 Broadway, 12th floor
       New York, New York 10006
       (212) 267-3700

       MEISELMAN, DENLEA, PACKMAN,
       CARTON & EBERZ, P.C.
       Attorneys for Defendants
       ESTHER BEKRITSKY, M.D.,
       GAVIN JOFFE, M.D., MONSEY FAMILY
       MEDICAL CENTER
       1311 Mamaroneck Avenue
       White Plains, New York 10605
       (914) 517-5055

       GERSPACH, SIKOSKOW, LLP
       Attorneys for Defendant
       GERSON GLUCK, M.D.
       59 Maiden Lane
       New York, New York 11038
       (212) 545-4095

       O'CONNOR, MCGUINESS, CONTE, DOYLE
        & OLESON, ESQS.
       Attorneys for Defendants
       ERIC SILVA, M.D.
       and FE MURPHY, M.D.
       One Barker Avenue
       White Plains, New York 10601
       (914) 948-0645

513655.1

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                           ) ss.:

COUNTY OF WESTCHESTER    )

        **VIVIAN PÉREZ**, being sworn, says:

        I am not a party to the action, am over 18 years of age and am employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

        On **May 9, 2008,** I served a true copy of the annexed **INTERROGATORIES** in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

TO:
NAPOLI, BERN & RIPKA, LLP
115 Broadway, 12th floor
New York, New York 10006

MEISELMAN, DENLEA, PACKMAN, CARTON
& EBERZ, P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605

GERSPACH, SIKOSKOW, LLP
59 Maiden Lane
New York, New York 11038

O'CONNOR, MCGUINESS, CONTE, DOYLE
& OLESON, ESQS.
One Barker Avenue
White Plains, New York 10601

                                        *V. Pérez*
                                    **VIVIAN PÉREZ**

Sworn to before me this
_____ day of May, 2008

_____
NOTARY PUBLIC

BRIAN M. HEALY
Notary Public, State of New York
No. 01HE4947101
Qualified in Westchester County
Commission Expires February 13, 20__

513655.1