UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
FREDDIE PIERRELOUIS, a minor under 14 years
of age by his Father and of Natural Guardian,
EDDY PIERRELOUIS and EDDY PIERRELOUIS,
Individually,

                        Plaintiffs,

       -against-

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D.,
GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN"
SILVERBERG, M.D. (first name being fictitious and
unknown), FE MURPHY, M.D., MONSEY FAMILY
MEDICAL CENTER and GOOD SAMARITAN
HOSPITAL MEDICAL CENTER.

                        Defendants.
---------------------------------------------------------------------X

Docket No.: 08-CV-0123-SCR

**INTERROGATORIES**

      Defendants, GAVIN JOFFE, M.D., ESTHER BEKRITSKY, M.D. and COMMUNITY MEDICAL AND DENTAL CARE, INC. d/b/a MONSEY FAMILY MEDICAL CENTER, by their attorneys, MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C., demand, pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, that the plaintiffs herein answer under oath, separately and in full, in writing, the following Interrogatories, within thirty (30) days. These Interrogatories shall be deemed continuing, so as to require supplemental answers if the plaintiffs obtain further information between the time answers are served and the time of trial.

## DEFINITIONS

    A.    **Communication.** The term 'communication' means any transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    B.    **Document.** The term 'document' is defined to include any written,

recorded, graphic, or other matter, however produced or reproduced, whether originals, drafts and/or nonidentical copies or reproductions, including correspondence, telegrams, telexes, cables, contracts, agreements, policies of insurance, declarations, certificates of insurance, binders, applications, notes, lists, ledgers, memoranda, statements, books, journals, manuals, reports, analyses, projections, summaries, work papers, working papers, pleadings, deposition transcripts, discovery demands, discovery responses, motions, orders, decisions, work sheets, diaries, calendars, minutes of meetings, transcripts, checks, promissory notes, drawings, graphs, slides, tables, charts, photographs, records, tapes, phone records, microfilms, microfiche, wires, computer tapes, computer disks, computer hard drives, DAT CDROM, e-mails, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

    C.    **Identify.**  When referring to a natural person, 'to identify' means to give, to the extent known, the person's full name, present or last known address, the present and/or last known place of employment, and position and business affiliation during the period covered by these interrogatories.  When used with respect to a person other than an individual, it means to state the official name or designation and the address of each such person.  "Identify" when used in reference to an event means to state the date and place of the event, and circumstances of the occurrence which comprises the event.  Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

    D.    **Identify (with respect to documents).**  When referring to documents, to

'identify' means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). If the possessor of the document is not known, state were the documents are currently located.

 E. **Parties.** The term 'plaintiffs' and 'defendants' as well as a party's full or abbreviated name or a pronoun referring to a party meant the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

 F. **Person.** The term 'person' is defined as any natural person or any business, legal or governmental entity or association.

 G. **Concerning.** The term 'concerning' means relating to, referring to, describing, evidencing, or constituting.

The following rules of construction apply to all discovery requests:

 1. **All/Each.** The term 'all' an 'each' shall be construed as all and each.

 2. **And/Or.** The connectives 'and' and 'or' shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

 3. **Number.** The use of the singulars form of any work includes the plural and vice versa.

 H. **Meeting.** 'Meeting' means by any congregation of persons whether or not by chance or prearranged, formal or informal, or in connection with some other activity.

 I. **Discussion.** 'Discussion' means any communication between two or more

persons, oral or in writing, regardless of whether on the telephone, via computer, via modem, via Internet, in person, through correspondence, or otherwise.

J.  **Policy.** 'Policy' means rules, procedures or directives, formal or informal, and each common understanding or course of conduct recognized as such by any of your present and/or former executives, officers, agents, employees, advisors, or any persons acting or purporting to act on your behalf, in effect during the period covered by these interrogatories. This term is meant to have a different meaning than words or phrases which define or address insurance policies a/k/a policies of insurance.

K.  Unless a different meaning is stated or is obvious from its context, all terms used herein shall have the same meanings as in the Pleadings.

L.  Each paragraph or subparagraph herein shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limiting its scoped.

## INTERROGATORIES

1.  Please identify yourself fully, including your full name, address, date of birth, occupation and social security number.

2.  Set forth all addresses at which plaintiffs have resided for the past ten (10) years.

3.  Identify each person who was questioned or consulted in order to answer these interrogatories.

4.  Set forth the name and address of each and every physician, osteopathic doctor, or other health care provider with whom the infant plaintiff, FREDDIE PIERRELOUIS, has consulted since March 4, 2002.

5. Set forth the name and address of each and every hospital, clinic or outpatient facility at which the infant plaintiff, FREDDIE PIERRELOUIS, has sought treatment since March 4, 2002.

6. Set forth the name and address of each and every medical practitioner who has informed the plaintiffs, orally or in writing, that the care rendered by the defendants, GAVIN JOFFEE, M.D, ESTHER BEKRITSKY, M.D. and COMMUNITY MEDICAL AND DENTAL CARE, INC. d/b/a MONSEY FAMILY MEDICAL CENTER, was rendered in a manner that departed from customary and accepted medical practice alleged in the Complaint. If such information was rendered in writing, set forth a true copy of any and all such writings.

7. Set forth a complete listing of each and every surgical procedure which the infant plaintiff, FREDDIE PIERRELOUIS, has undergone, including both hospital and non-hospital procedures, with dates, location and name of physician.

8. Set forth a complete listing of each and every rehabilitation facility at which the infant plaintiff, FREDDIE PIERRELOUIS, attended, including both hospital and non-hospital situations, with dates, location and name of physiatrist or therapist.

9. Set forth the name and address of each and every educational institution attended by the infant plaintiff, FREDDIE PIERRELOUIS, since march 4, 2002.

10. Set forth the name and address of each and every witness with knowledge or information relevant to the subject matter of this litigation, together with the sum and substance of the knowledge or information believed to be relevant.

11. With regard to the Second Cause of Action, set forth the risks and hazards of the treatment rendered by the defendants, GAVIN JOFFEE, M.D,

ESTHER BEKRITSKY, M.D. and COMMUNITY MEDICAL AND DENTAL CARE, INC. d/b/a MONSEY FAMILY MEDICAL CENTER, which plaintiffs claim were not disclosed to them, as alleged in the Complaint.

12. With regard to the Second Cause of action, describe in full and complete detail all conversations had or meetings attended with the defendants, GAVIN JOFFEE, M.D, ESTHER BEKRITSKY, M.D. and COMMUNITY MEDICAL AND DENTAL CARE, INC. d/b/a MONSEY FAMILY MEDICAL CENTER, concerning the treatment rendered to the infant plaintiff, FREDDIE PIERRELOUIS, including:

    a. The date and place of each such conversation/meeting;

    b. The name and address of each person present during such conversation/meeting;

    c. A description of the sum and substance of all conversations or meetings.

13. If you, or any expert witness intended to be call on behalf of the plaintiffs, intends to offer into evidence any textbook, paper, authority or document to substantiate any opinion or conclusion or to relay upon the same in the examination and cross-examination of any party, for any witness or of any expert, state:

    a. the exact title of each;

    b. the name and address of the publisher of each;

    c. the sections or pages to be relied upon; and

    d. the date of publications of each and the series, revision or edition to be so used.

14. If there are in existence any models, writings, drawings, graphs, charts, audio-records, recordings, reports, photographs, motion pictures, magnetic storage devices

(including floppy disc, hard drives, etc.), DAT CDROM, laboratory manuals, notes or notebooks prepared by or at the direction of any expert or for the expert's use, or which you intend to use, state:

    a.    the date when the entries were made therein, or the date when made or produced;

    b.    the place where or produced;

    c.    the name and address of the person or entity who made or produced same;

    d.    the subject matter of same; and

    e.    the present location of same.

15.    Has plaintiff, EDDY PIERRELOUIS, been engaged in gainful employment? If so, state:

    a.    the name and address of each employer, the inclusive dates of each employment, the duties performed, and the average weekly compensation received from each employer there; and

    b.    if self employed, the name and address of the business, the nature of your duties, the nature of the business and the income you received there from.

16.    State the nature of the alleged negligent acts committed by each defendant, including but not limited to:

    a.    the date and time of the alleged negligent acts;

    b.    the exact location where the alleged negligent acts are alleged to have occurred;

    c.    The names and addresses of any witnesses to the alleged negligent acts;

    d.    each act and/or omission which is the basis of your claims against each defendant;

    e.    the conditions, signs, symptoms, illnesses or other maladies that were allegedly (1) ignored, (2) misdiagnosed, or (3) not diagnosed by defendant;

      f.    the diagnosis, prognosis, treatment and/or procedure which you claim was improperly performed by defendant;

      g.    identify all laws, rules or regulations allegedly violated by defendant;

      h.    identify all alleged departure(s) from accepted medical practice by defendant;

      i.    Identify the accepted medical practice that should have been followed by defendant, during treatment of the infant-plaintiff.

17. For each defendant, state any State and/or Federal statutes, regulations, and ordinances, which you claim were violated.

18. Set forth each and every injury claimed and the amount of damages attributed to each.

19. State whether plaintiffs have received any collateral source payments for medical care and/or disability such as insurance, social security or employee benefit programs. If so, please identify each collateral source by name and provide an address and claim number for each collateral source provider.

20. Identify with respect to the loss of services claimed as a result of the alleged injuries, damages or treatment specified in the Complaint:

      a.    the particular services that you allege were not received as a result of the incident alleged in the Complaint; and

      b.    the specific dates that plaintiff was without these services.

22. Identify each and every person for whom it is claimed that defendants, GAVIN JOFFEE, M.D, and ESTHER BEKRITSKY, M.D. and COMMUNITY MEDICAL AND DENTAL CARE, INC. d/b/a MONSEY FAMILY MEDICAL CENTER, bear vicarious responsibility.

Dated:   White Plains, New York
         May 27, 2008

                                         Yours, etc.,

                                         Richard C. Baker (RB-0143)
                                         MEISELMAN, DENLEA, PACKMAN,
                                         CARTON & EBERZ P.C.
                                         Attorney for Defendants
                                         ESTHER BEKRITSKY, M.D.,
                                         GAVIN JOFFE, M.D., and
                                         COMMUNITY MEDICAL AND DENTAL
                                         CARE, INC. d/b/a MONSEY FAMILY
                                         MEDICAL CENTER
                                         1311 Mamaroneck Avenue
                                         White Plains, New York 10605
                                         (914) 517-5000

TO:   Marc L. Bern, Esq.
      NAPOLI, BERN, RIPKA, LLP
      Attorneys for Plaintiffs
      115 Broadway, 12th Floor
      New York, New York 10006
      (212) 267-3700

      Brian M. Healy, Esq.
      HEIDELL, PITTONI, MURPHY & BACH, LLP
      Attorneys for Defendants
      GOOD SAMARITAN HOSPITAL MEDICAL CENTER
      81 Main Street
      White Plains, New York 10601
      (914) 559-3100

Alexander Sikoscow, Esq.
GERSPACH, SIKOSCOW, LLP
Attorneys for Defendant
GERSON CLUCK, M.D.
59 Maiden lane, 39th Floor
New York, New York 10038;
(212) 545-4094

Rocco Conte, Esq.
O'CONNOR, MCGUINESS, CONTE,
DOYLE & OLESON, ESQS.
Attorneys for Defendants
ERIC SILVA, M.D. and
FE MURPHY, M.D.
One Baker Avenue, Suite 675
White Plains, New York 10601
(914) 948-4500

00207757.WPD