UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================X

FREDDIE PIERRELOUIS, a minor under 14
years of age by his father and natural guardian
EDDY PIERRELOUIS,
and EDDY PIERRELOUIS, Individually,

                    Plaintiffs,

v.

ESTHER BEKRISKY, M.D., GERSON GLUCK,
M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D.,
"JOHN" SILVERBERG, M.D. (first name being
Fictitious And unknown), FE MURPHY, M.D.,
MONSEY FAMILY MEDICAL CENTER, and
GOOD SAMARITAN HOSPITAL MEDICAL
CENTER,

                    Defendants.
================================================X

Civil Action No. 08-cv-0123 (SCR)

**DEFENDANT'S
FIRST SET OF
INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, GERSON GLUCK, M.D., by his attorneys, GERSPACH SIKOSCOW LLP, requests that the Plaintiffs answer, in writing and under oath, the following interrogatories and that a copy of such answers be served upon said Defendant within thirty (30) says after service of these Interrogatories.

## INSTRUCTIONS

A. Each interrogatory should be answered separately and not by reference to another response.

B. In the event that plaintiffs object to an interrogatory, state specifically each ground upon which the objection is made. In the event that any objection asserts a privilege, state the nature of the privilege and describe the subject matter to which such claim of privilege relates.

C. In the event that plaintiffs object to an interrogatory in part, they are required to furnish the information requested in the interrogatory that is not subject to the partial objection.

D. These interrogatories are continuing up to and including the time of trial.

## DEFINITIONS

For the purposes of these interrogatories the following definitions are employed:

A. "Person" as used herein is defined as any natural person, corporation, partnership, association, joint venture or other organization or entity.

B. "Documents" as used herein are defined as drafts, records, writings, books, papers, contracts, memoranda, invoices, correspondence, notes, photographs, drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any other "documents" as defined in Rule 34 of the Federal Rules of Civil Procedure in the possession, custody or control of plaintiff, plaintiff's attorney or any expert witness retained by plaintiff in connection with this matter. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

C. "Identify," "identification," or "identity" have the following meanings:

    a. when used in reference to a natural person it means to state the person's full name, current residence and business addresses, current residence and business telephone numbers and, if applicable, their title, dates of employment, and job

description. If their current addresses are unknown, provide the last known business and residence address;

b. when used in reference to a document it means to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all addressees and recipients, and its present location or custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

c. when used in reference to a legal entity, the structure of the business (i.e., corporation, partnership, sole proprietorship, association), a brief description of the nature of the business, and the business address and telephone number;

d. when used in reference to real property, the full address, legal description of the property, the type of structure (e.g., commercial, single-family residential, multi-unit dwelling), the number of units, and if applicable the rooms, units, or locations within said real property.

e. When used in reference to an oral communication, the date (or best approximation), time and place it occurred; the persons present; the complete substance of the communication.

D. "Hospital" as used herein is defined as any medical facility, including but not limited to hospital, sanatoriums, rest homes, clinics and emergency department facilities.

E. "Physician" and "Health Care Provider" as used herein is defined as any person with medical training, including but not limited to doctors, interns, residents, radiologists, x-ray technicians, psychologists, chiropractors, physical and occupational therapists,

pharmacists, osteopaths, nurses, nurse practitioners, optometrists, physician assistants, etc.

F. "Complaint" as used herein is defined as plaintiff's Complaint in this action, which was filed on January 7, 2008.

G. "Plaintiffs" as used herein is defined as Freddie Pierrelouis and Eddy Pierrelouis.

H. "Infant-Plaintiff" as used herein is defined as Freddie Pierrelouis.

I. "Defendant" as used herein is defined as GERSON GLUCK, M.D.

J. "Alleged Occurrence" and "Alleged Negligence" as used herein is defined as those allegations contained in plaintiffs' Complaint.

K. "Family Members" as used herein is defined as all relatives, by blood or marriage; adoption; co-habitation; or by virtue of having a common parent.

## INTERROGATORIES

INTERROGATORY No.1: Please state the Plaintiffs' full names, dates of birth, and social security numbers. Please also state the Plaintiffs' residential address(es) from the Infant-Plaintiff's birth to the present.

INTERROGATORY No.2: Please Identify the occupation(s) of the Plaintiffs.

INTERROGATORY No.3: Please Identify all Persons who provided information used in, or who have assisted in the preparation of and/or the answering of these interrogatories.

INTERROGATORY No.4: Please state whether any other claims for bodily injury have ever been initiated by or on behalf of the Infant-Plaintiff, including, but not limited to, lawsuits, claims for disability benefits, and/or insurance claims. If so, please state the basis of the claim, and the person or entity with whom or against whom the claim was made.

**INTERROGATORY No.5:** In reasonable detail, please set forth a statement of each and every act or omission of negligence, which Plaintiffs' will claim was committed by the Defendant, including but not limited to:

   a. the date and time of each act or omission;

   b. the exact location of each act or omission;

   c. set forth the conditions, signs, symptoms, illnesses or other maladies that were allegedly ignored, misdiagnosed, or not diagnosed by the Defendant;

   d. set forth the accepted medical practice that should have been followed by the Defendant.

**INTERROGATORY No.6:** Please set forth any statutes or ordinances claimed to have been violated by the Defendant.

**INTERROGATORY No.7:** Please Identify all Persons who have, or claim to have, knowledge of any of the Defendants acts, omissions or violations included in your responses to Interrogatories Nos. 5 and 6, and identify the subject matter of such knowledge.

**INTERROGATORY No.8:** Please Identify all Persons, including but not limited to friends, Family Members, representatives, and Physicians, known to Plaintiffs that have communicated to GERSON GLUCK, M.D. regarding the Infant-Plaintiff, other than parties to this lawsuit.

**INTERROGATORY No.9:** Please Identify all Health Care Providers and Hospitals that have cared for, treated, and/or examined the Infant-Plaintiff since his birth.

**INTERROGATORY No.10:** Please set forth all health conditions that the Infant-Plaintiff has been diagnosed with since birth. Please also Identify the Person(s) who made each diagnosis.

**INTERROGATORY No.11:** Please set forth the injuries the Infant-Plaintiff allegedly suffered as a result of the Alleged Negligence and a description of those claimed to be permanent.

INTERROGATORY No.12: With respect to any alleged lost services as advanced in the Complaint, please set forth, in reasonable detail, the services lost and the duration of same.

INTERROGATORY No.13: Please describe in reasonable detail each type or category of damages Plaintiffs are claiming, the monetary value you attribute to each specific element, the basis for such amount, and the total dollar amount plaintiffs are seeking as compensation.

INTERROGATORY No.14: Please Identify all Persons that have paid or provided benefits to the Plaintiffs for any injuries or damages claimed in this lawsuit, and amounts of said payment(s).

INTERROGATORY No.15: Please Identify all Persons that have paid or provided benefits to the Plaintiffs for any medical care rendered to the Infant-Plaintiff from his birth until the present.

INTERROGATORY No.16: Please describe any non-privileged investigation conducted by the Plaintiffs or on Plaintiffs' behalf concerning:

    a. any condition that the Infant-Plaintiff may have suffered from;

    b. the Alleged Negligence;

    c. the Plaintiffs' alleged injuries.

Dated: New York, New York
       May 29, 2008

Respectfully submitted,

GERSPACH SIKOSCOW LLP

By: _____
    Alexander Sikoscow, Esq.
Attorneys for Defendant
GERSON GLUCK, M.D.
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4094

Attorneys for Plaintiffs
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

MEISELMAN, DENELA, PACKMAN
CARTON & EBERZ, P.C.
Attorneys for Defendants
ESTHER BEKRITSKY, M.D.,
GAVIN JOFFE, M.D., MONSEY FAMILY
MEDICAL CENTER
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5055

HEIDELL, PITTONI, MURPHY & BACH, LLP
Attorneys for Defendant
GOOD SAMARITAN HOSPITAL
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100

O'CONNOR, MCGUINESS, CONTE, DOYLE
& OLESON, ESQS.
Attorneys for Defendants
ERIC SILVA, M.D.
and FE MURPHY, M.D.
One Barker Avenue
White Plains, New York 10601
(914) 948-0645

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I electronically filed the foregoing DEFENDANTS' FIRST SET OF INTERROGATORIES, with the Clerk of the Southern District Court using its CM/ECF system, which would then electronically notify the CM/ECF participants on the case as indicated below, and that I also served the DEFENDANTS' FIRST SET OF INTERROGATORIES by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressees as indicated below:

Marc L. Bern, Esq.
NAPOLI BERN & RIPKA, LLP
Attorneys for Plaintiffs
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

Brian M. Healy, Esq.
HEIDELL PITTONI MURPHY
 & BACH, LLP
Attorneys for Defendants
GOOD SAMARITAN HOSPITAL
MEDICAL CENTER
81 Main Street
White Plains, New York 10601
(914) 559-3100

Richard C. Baker, Esq.
MEISELMAN, DENELA,
PACKMAN CARTON &
EBERZ, P.C.
Attorneys for Defendants
ESTHER BEKRITSKY, M.D.,
GAVIN JOFFE, M.D., MONSEY
FAMILY MEDICAL CENTER
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

Rocco Conte, Esq.
O'CONNOR, MCGUINESS, CONTE,
DOYLE & OLESON, ESQS.
Attorneys for Defendants
ERIC SILVA, M.D. and FE MURPHY, MD
One Baker Avenue, Suite 675
White Plains, New York 10601
(914) 948-4500

_____
Alexander Sikoscow (AS-4076)
GERSPACH SIKOSCOW LLP
Attorneys for Defendant
GERSON GLUCK, M.D.
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4094