```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
FREDDIE PIERRELOUIS, a minor under 14 years of age by his
Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY
PIERRELOUIS, Individually,

                                         Plaintiff(s),

      -against-

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D.,
GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN"
SILVERBERG, M.D. (first name being fictitious and unknown),
FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER,
and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,

                                         Defendant(s).
```
-------------------------------------------------------------------X
```

DOCKET NO.:
08-CV-0123 (SCR)

PLAINTIFF'S
INTERROGATORIES

Plaintiff requests that the defendants, and each of them, in accordance with Rule 33 of the Federal Rules of Civil Procedure, answer personally and under oath and serve upon the undersigned attorneys within thirty (30) days, the following interrogatories, which shall be deemed continuing, so as to require supplemental answers if defendants obtain further information between the time answers are first made and the time of trial:

## DEFINITIONS

A.    These interrogatories are directed to each individual defendant here named. The term "Defendant" refers to the named defendant; if such defendant is a business organization, that term also includes its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, successors and predecessors, and the officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates of its successors and predecessors.

B.    These interrogatories cover all information in the possession, custody and control of each answering Defendant including information in the possession of its attorneys and persons

directly or indirectly employed or retained by Defendant or otherwise subject to Defendant's control.

C.  Each interrogatory is to be answered separately. The fact that investigation is continuing or that discovery is incomplete shall not be used as an excuse to failure to answer each interrogatory.

D.  These interrogatories shall be deemed to be continuing so as to require timely supplemental responses if the answering Defendant finds or obtains further information.

E.  Each interrogatory and subdivision thereof shall be answered fully. The specific grounds for any and all objections to the interrogatories shall be stated and the specific section of the interrogatory objected to shall be specified. Where an objection is stated as to a part of an interrogatory, all remaining parts of the interrogatory shall be answered. Any and all claims of privilege that an answering Defendant asserts shall be fully set forth including the reason for excluding the information sought and the answering Defendant shall identify every person having knowledge of the factual basis on which the privilege is based. Defendant shall provide a privilege log detailing the information requested above for all interrogatories responses for which a privilege is asserted.

F.  If the answering Defendant is unable to fully answer an interrogatory, Defendant shall describe the efforts undertaken to obtain the information and identify each person who has information concerning the subject of the interrogatory.

G.  The term "Complaint" refers to Plaintiffs' last filed pleading, which states its causes of action and seeks relief and/or damages from the answering Defendant.

H.  The term "You" and "Your" refers to the defendant(s) responding to these interrogatories.

I.  Interrogatories phrased in the masculine and feminine forms are interchangeable.

J.  The term "statement" refers to any oral statement, written statement or recorded response from the answering Defendant, in any form including but not limited to printed words, audio or video recordings, electronic data, e-mails, letters, facsimile transmissions, medical records, laboratory or other diagnostic reports (including those relating to radiographic studies including but not limited to X-rays, MRIs, CT scanning, EMGs, EEGs, Angiography, etc.), correspondences, notations or recordings of telephonic communications.

K.  The term "document" refers to any matter including but not limited to printed words, audio or video recordings, electronic data (statistical or other information maintained on hard disc or removable media such as CD-rom, DVD, flash drive, floppy disc; e-mails, letters, facsimile transmissions, etc.

L.  The term "privilege" refers to a legally recognized exemption from disclosure arising from a specific statute or common law.

## INTERROGATORIES

1.  State the date(s), time(s) and place(s) that the defendant(s) treated, diagnosed, examined and/or prescribed for the infant plaintiff.

2.  State the manner in which the defendant(s) claim they treated, diagnosed, examined and/or prescribed for the infant plaintiff.

3.  State the name, address and title of all persons who have knowledge of the facts and circumstances concerning the treatment, diagnosis, examinations of the infant plaintiff FREDDIE PIERRELOUIS' illness and/or injuries.

4. State whether the answering defendant took part in, appeared at or testified (orally or in writing) in connection with any Quality Assurance or Risk Management review of the infant plaintiff's treatment, diagnosis and/or examinations?

5. If the answer to the preceding interrogatory is in the affirmative, please:

   a) State the name, address and title of each and every person, committee or entity that conducted such investigation;

   b) State the date(s) when and places where such investigation was conducted;

   c) State the name and address of each and every person who was questioned or gave testimony (oral or written) in connection with such investigation;

   d) State the name, address and title of each and every person who gave a statement, and whether such statement is signed and/or under oath;

   e) State the name, address and title of the custodian of any documents, testimony or other evidence gathered in connection with such investigation;

   f) Set forth the substance of each defendant's statement/testimony, indicating the name of the person who made the statement and the form of said statement, e.g., written statement, oral testimony, etc.;

   g) Serve a copy of any writings or documents memorializing such statements or testimony along with your response to this interrogatory.

6. Does the answering defendant claim that plaintiff made any statements(s) and/or reports(s) to anyone regarding this medical malpractice claim?

7. If the answer to the preceding interrogatory is in the affirmative, then state:

   a) The name, address and title of the person(s) to whom said statement(s) and/or report(s) were made?

   b) The date(s) when such statement(s) and/or report(s);

   c) What plaintiff said in such statement(s) and/or report(s);

   d) Whether such statement(s) and/or report(s) was in writing;

   e) Whether such statement(s) and/or reports(s) was signed;

   f) The name and address of the person(s) who has possession and custody of such statement(s) at the present time; and

   g) Attach to your responses a copy of each such statement(s).

8. Did any employee or officer of the answering Defendant execute any report in connection with minor plaintiff's medical malpractice claim?

9. If the answer to the preceding interrogatory is in the affirmative, then state:

    a) The name, address of the person made out said report;
    b) The date of said report;
    c) The details appearing upon such form;
    d) Attach hereto, at our expense, photocopy thereof.

10. Has the defendant obtained any reports in connection with this accident other than those previously described?

11. If the answer to the preceding interrogatory is in the affirmative, then state:

    a) The name, address and title of the person, bureau, division, department, company, or agency who made out said report(s);
    b) The date of said report(s);
    c) The nature of said report(s);
    d) The title of said report(s);
    e) State the name and address of the person(s), bureau(s), department(s), divisions(s), company(ies) or agency(ies) to whom the report was disseminated, mailed, transmitted, or otherwise distributed;
    f) State the sum and substance of the content of the report(s);
    g) Attach hereto a copy of each such report;
    h) State the name, address and title of the person(s) who has possession and custody of the said report(s) at the present time.

12. Has the answering Defendant or any person acting on his, her or its behalf made out any reports in connection with this medical malpractice claim other than those previously described?

13. If the answer to the preceding interrogatory is in the affirmative, then state:

    a) The name, address and title of the person who made out said report(s) and the date(s) thereof;
    b) The nature of said report(s);
    c) State the sum and substance of such report(s);

    d) Attach to your response a copy of all such report(s);

    e) State the name, address of the person who has possession and custody of the said report(s) at the present time;

14. Did anyone report the subject medical malpractice claim to the defendant, his agents and/or employees?

15. If the answer to the preceding interrogatory is in the affirmative, then state:

    a) Whether the report was oral or in writing;

    b) The date, time and place of the report;

    c) The name, address and title of the person(s) to whom the report was made;

    d) The name, address and connection to you of any person who made the report;

    e) Whether the report was made at the behest of the answering defendant or in the regular course of business;

    f) The sum and substance of such report(s);

    g) Attach a copy of said report to your answer.

16. Did the defendant or anyone acting on his behalf obtain from any person or persons any report, statement or testimony to any person, entity or agency concerning the subject medical malpractice claim?

17. If the answer to the preceding interrogatory is in the affirmative, then state:

    a) The name, address and present whereabouts of each person who gave such report;

    b) When, where and by whom obtained;

    c) Whether the report, statement or testimony was oral, written, or otherwise recorded (*i.e.,* via video or audio recording, for example);

    d) The substance of any oral report, statement or testimony;

    e) the present custody of any written report, statement or testimony;

    f) Attach a copy of each such document to your answers.

18. Does the answering Defendant claim that the plaintiffs were guilty of any contributory negligence in connection with the occurrence of this medical malpractice claim?

19. If the answer to the preceding interrogatory is in the affirmative, then state specifically and in detail in what respects it will be claimed that the infant plaintiff was contributorily negligent?

20. If the answer to interrogatory 18, *supra*, is in the affirmative, state specifically and in detail in what respects it will be claimed that the plaintiff father was contributorily negligent?

21. Has the answering Defendant or any representatives on his, her or its behalf received any written medical or hospital report relative to the infant plaintiff FREDDIE PIERRELOUIS?

22. If the answer to the preceding interrogatory is in the affirmative, then state:

   a) The date of each medical report;
   b) The name and address of the doctor, nurse, intern or hospital who made such report;
   c) State the details of such medical report(s) including diagnosis, treatment or other information;
   d) Attach a copy of any such medical report to your responses.

23. Has the answering Defendant or any representative on his, her or its behalf conducted any investigation or surveillance of the activities or background of the infant plaintiff, FREDDIE PIERRELOUIS, since the commencement of this medical malpractice claim.

24. If the answer to the preceding interrogatory is in the affirmative, then state:

   a) The name, address and title of the person(s) who conducted said investigation and/or surveillance;
   b) The dates when such investigations and/or surveillances were conducted;
   c) The name and address of each and every person who was interviewed in connection with said investigation and/or surveillance;
   d) The sum and substance of the statement(s) of each and every person interviewed in connection with such investigation and/or surveillance;

- e) Whether any recordings, video or audiotape or otherwise were made of the infant plaintiff;
- f) If recordings of any sort were made of the infant plaintiff, the dates of such recordings; .
- g) the name and address of the person(s) who took said pictures, audio or video recordings, the date said photographs or recordings were taken, the number of feet of film, or the size of electronic data files representing such recordings, the location where such photographs or recordings were taken;
- h) The sum and substance of the incidents/occurrences demonstrated in/on such photographs or recordings;
- i) The name, address and title of any person controlling or who is the custodian of such recordings;
- j) Attach a copy of any such documents, interviews, statements and surveillance recordings to your response to these interrogatories.
- k) State what each person stated on the occasion of such investigation;
- l) If motion pictures were taken, the name and address of the person(s) who took said pictures, the date of said photographs being taken, the number of feet of film taken, where such photographs were taken and what such photographs purport to show;
- m) the amount of the bill of each investigator for the services rendered.

25. State whether there was or is any insurance policy or policies (primary or excess) in effect, which covered the answering defendant in connection with this medical malpractice claim.

26. If the answer to the preceding interrogatory is in the affirmative, then state:

- a) The name and address of each insurance company who issued such policy or policies;
- b) The policy numbers or numbers;
- c) The effective dates of such insurance contract(s);
- d) The limits of coverage under each policy, including coverage for medical payments;
- e) Whether such policy(ies) were primary or excess;
- f) The name and/or additional assureds under each such policy;
- g) Who is in possession and custody of a copy of such policy or policies at this time;
- h) Attach to your answer to this interrogatory a copy of each such policy.

27. State whether the answering or any person on his, her or its behalf intends to call an expert witness at the trial of this action.

28. If the answer to the preceding interrogatory is in the affirmative, then state for each such expert:

- a) The expert's name, address, credentials including schools, Board Certifications, Internships, Residencies and Fellowships, published and peer reviewed articles, and area(s) of expertise;
- b) The subject matter of which each such expert is expected to testify;
- c) The sum and substance of each such expert's opinions in connection with the claims against this answering defendant;
- d) The basis for each such expert's opinions in connection with the claims against this answering defendant;
- e) The documents, records or other materials each such expert has reviewed in reaching such opinions;
- f) Attach to your responses to this interrogatory a copy of each such expert's curriculum vitae;
- g) Attach to your responses to this interrogatory a copy of any and all reports prepared by each such expert in connection with his or her review of this claim;
- h) Provide a list of all state or federal litigations in which each such expert has been qualified to testify as an expert (including the title, venue, tribunal, docket or index number of each litigation);
- i) Attach to your responses to this interrogatory a transcript of each such expert's testimony in the litigations identified in response to the foregoing sub-part of this interrogatory.

Dated: New York, New York
      June 16, 2008

Yours, etc.,

NAPOLI BERN RIPKA, LLP

By: _____
Alan S. Ripka (ASR-1921)
Attorney for Plaintiff(s)
350 5th Avenue – Suite 7413
New York, New York 10016
(212) 267-3700

TO:

HEIDELL PITTONI MURPHY & BACH, LLP
*Attys for Def. Good Samaritan Hospital*
Attn.: Brian Healy, Esq.
81 Main Street, Suite 112
White Plains, NY 10601
Ph: (914) 559-3100
Fax (914) 949-1160

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.
*Attys for Def. Esther Bekritsky, M.D.,*
*Gavin Joffe, M.D., and Monsey Medical Center*
Attn: Richard C. Baker, Esq.
1311 Mamaroneck Avenue
White Plains, New York 10605
Ph. (914) 517-5000
Fax: (914) 517-5055

GERSPACH SIKOSCOW, LLP
*Attys for Defendants – Gerson Gluck, M.D.*
Attn.: Alexander Sikoscow, Esq.
59 Maiden Lane
New York, NY 11038
(212) 545-4046
Fax: (212) 545-4095

O'CONNOR, McGUINESS, CONTE, DOYLE & OLESON, ESQS.
Attys for Defendants - *Eric Silva, M.D.* and *Fe Murphy, M.D.*
One Barker Avenue – Suite 675
White Plains, New York 10601
(914) 948-4500
(914) 948-0645 Fax

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NEW YORK )

    **WANDA RIVERA**, being duly sworn, deposes and says:

    That affiant is not a party to this action and is over the age of 18 years. That on June 16, 2008, affiant served the within **Plaintiff's Interrogatories** upon the defendant(s) and/or attorney(s) for defendant(s) First Class Mail by depositing a true copy of same securely enclosed in a postpaid wrapper in a post office, official depository under the exclusive care and custody of the United States Postal Service within the state of New York, directed to said individuals or offices as follows:

HEIDELL PITTONI MURPHY & BACH, LLP
81 Main Street, Suite 112
White Plains, NY 10601

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605

GERSPACH SIKOSCOW, LLP
59 Maiden Lane
New York, NY 11038

O'CONNOR, McGUINESS, CONTE, DOYLE & OLESON, ESQS.
One Barker Avenue – Suite 675
White Plains, New York 10601

                       _____
                           **WANDA RIVERA**

Sworn to before me this
16th day of June, 2008.

_____
NOTARY PUBLIC

CARMEN M. ROJAS
Notary Public, State of New York
No. 01RO6073898
Qualified in Bronx County
Commission Expires April 29, 20__

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREDDIE PIERRELOUIS, a minor under 14 years of age by his
Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY
PIERRELOUIS, Individually,

                                            DOCKET NO.:
              Plaintiff(s),                   08-CV-0123 (SCR)

   -against-

ESTHER BEKRITSKY, M.D., *et al.*,

             Defendant(s).
-----------------------------------------------------------------X

## PLAINTIFF'S INTERROGATORIES

**NAPOLI BERN RIPKA, LLP**
*Attorneys for* : Plaintiffs
350 Fifth Avenue, Suite 7413
New York, New York
(212) 267-3700

---

The undersigned attorney hereby certifies, pursuant to 22 NYCRR §130-1.1-a, that I have read the within papers and that to the best of my knowledge and belief they are not frivolous as that term is defined in 22 NYCRR § 130-1.1(c).

                                       */s/ Alan S. Ripka*
                                       Attorney name: Alan S. Ripka

---

Service of a copy of the within                     is hereby admitted.
Dated,
                                     ATTORNEY(S) FOR

---

PLEASE TAKE NOTICE:
    ☐ NOTICE OF ENTRY
    1.    that the within is a (certified) true copy of an     duly entered in the office of the     clerk of the within named court on _____ 200__.
    ☐ NOTICE OF SETTLEMENT
        that an order     of which the within is a true copy, will be presented for settlement to the HON.     one of the judges of the within named Court, at     on     200__ at_____ O'clock ___.M.

Dated, _____

                                            Yours, etc.

                                      **NAPOLI BERN RIPKA LLP**