UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FREDDIE PIERRELOUIS, a minor under 14
years of age by his father and natural guardian
EDDY PIERRELOUIS,
and EDDY PIERRELOUIS, Individually,

          Plaintiffs,

v.

ESTHER BEKRISKY, M.D., GERSON GLUCK,
M.D., GAVIN JOFFE, M.D., ERIC SILVA, M.D.,
"JOHN" SILVERBERG, M.D. (first name being
Fictitious And unknown), FE MURPHY, M.D.,
MONSEY FAMILY MEDICAL CENTER, and
GOOD SAMARITAN HOSPITAL MEDICAL
CENTER,

          Defendants.
---------------------------------------------------------X

Civil Action No. 08-cv-0123 (SCR)

**DEFENDANT'S RESPONSE TO PLAINTIFFS' INTERROGATORIES**

Defendant, GERSON GLUCK, M.D., by his attorneys, GERSPACH SIKOSCOW LLP, submits the following response to the Plaintiff's interrogatories dated June 16, 2008.

### GENERAL OBJECTIONS

1. These responses are made without in any way waiving or intending to waive: (i) the right to object on any ground to the use of the documents or information produced in response to these interrogatories at any hearing or trial; or (ii) the right to object on any ground at any time for further responses to the interrogatories, or (iii) the right at any time to revise, correct, amend, supplement or clarify any of the responses contained herein.

2. Defendant, GERSON GLUCK, M.D., has not completed his investigation and discovery relating to this case. In fact, plaintiffs have failed to provide any discovery in

this matter, including initial disclosures; responses to Defendant, GERSON GLUCK, M.D.'s Initial Interrogatories; or HIPAA-compliant authorizations enabling GERSON GLUCK, M.D. to obtain any medical records, which serve as the primary evidence in this lawsuit. Therefore, these responses are limited by information available at this time.

## RESPONSES

**INTERROGATORY No. 1:** State the date(s), time(s) and place(s) that the defendant(s) treated, diagnosed, examined and/or prescribed for the infant plaintiff.

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as it is vague and calls for a legal conclusion. Without waiving and subject to these objections, without any medical records Defendant, GERSON GLUCK, M.D., does not have knowledge sufficient to accurately respond to this interrogatory at this time.

**INTERROGATORY No. 2:** State the manner in which the defendant(s) claim they treated, diagnosed, examined and/or prescribed for the infant plaintiff.

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad and calls for a legal conclusion. Without waiving and subject to these objections, without any medical records Defendant, GERSON GLUCK, M.D., does not have knowledge sufficient to accurately respond to this interrogatory at this time.

**INTERROGATORY No. 3:** State the name, address and title of all persons who have knowledge of the facts and circumstances concerning the treatment, diagnosis, examinations of the infant-plaintiff FREDDIE PIERRELOUIS' illness and/or injuries.

**ASNWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as overbroad. Without waiving and subject to this objection, Defendant, GERSON GLUCK, M.D., is not aware of the name, address or title of any such persons at this time.

**INTERROGATORY 4:** State whether the answering defendant took part in, appeared at or testified (orally or in writing) in connection with any Quality Assurance of Risk Management review of the infant plaintiff's treatment, diagnosis and/or examinations?

**ANSWER:** No.

**INTERROGATORY 5:** If the answer to the preceding interrogatory is in the affirmative, please: ....

**ANSWER:** Not applicable.

**INTERROGATORY 6:** Does the answering defendant claim that plaintiff made any statement(s) and/or report(s) to anyone regarding this medical malpractice claim.

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague and overbroad. Without waiving and subject to these objections, Defendant, GERSON GLUCK, M.D., is not presently aware of any such reports at this stage of the litigation.

**INTERROGATORY 7:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 8:** Did any employee or officer of the answering defendant execute any report in connection with minor plaintiff's medical malpractice claim?

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad and calling for privileged material. Without waiving and subject to

these objections, Defendant, GERSON GLUCK, M.D., is not presently aware of any such reports at this stage of the litigation.

**INTERROGATORY 9:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 10:** Has the defendant obtained any reports in connection with this accident other than those previously described?

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad and calling for privileged material. Without waiving and subject to these objections, Defendant, GERSON GLUCK, M.D., is not presently aware of any such reports at this stage of the litigation.

**INTERROGATORY 11:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 12:** Has the answering Defendant or any person acting on his, her or its behalf made out any reports in connection with this medical malpractice claim other than those previously described?

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad and calling for privileged material. Without waiving and subject to these objections, Defendant, GERSON GLUCK, M.D., is not presently aware of any such reports at this stage of the litigation.

**INTERROGATORY 13:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 14:** Did anyone report the subject medical malpractice claim to the defendant, his agents and/or employee?

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad and calling for privileged material. Without waiving and subject to these objections, Defendant, GERSON GLUCK, M.D., is not presently aware of any such reporting at this stage of the litigation.

**INTERROGATORY 15:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 16:** Did the defendant or anyone acting on his behalf obtain from any person or persons any report, statement or testimony to any person, entity or agency concerning the subject medical malpractice claim?

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague. The question as presently worded is so unclear that a response is not possible.

**INTERROGATORY 17:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 18:** Does the answering defendant claim that the plaintiffs were guilty of any contributory negligence in connection with the occurrence of this medical malpractice claim?

**ANSWER:** Yes.

**INTERROGATORY 19:** If the answer to the preceding interrogatory is in the affirmative, then state specifically and in detail in what respects it will be claimed that the infant plaintiff was contributorily negligent?

**ANSWER:** Without the benefit of any of the infant-plaintiff's medical records due to plaintiff's failure to provide HIPAA-compliant authorizations, Defendant, GERSON GLUCK, M.D. cannot fully respond to this inquiry. Upon receipt of said authorizations and corresponding medical records this response will be supplemented. Notwithstanding this limitation, generally, the infant-plaintiff failed to follow instructions issued by medical professionals and staff; failed to keep medical appointments; failed to provide an accurate medical, social, and familial history; failed to accurately relay medical complaints, and failed to follow medical advice.

**INTERROGATORY 20:** If the answer to interrogatory 18, *supra*, is in the affirmative, state specifically and in detail in what respects it will be claimed that the plaintiff father was contributorily negligent.

**ANSWER:** Without the benefit of any of the infant plaintiff's medical records due to plaintiff's failure to provide HIPAA-compliant authorizations, Defendant, GERSON GLUCK, M.D. cannot fully respond to this inquiry. Upon receipt of said authorizations and corresponding medical records this response will be supplemented. Notwithstanding this limitation, generally, the plaintiff father, as guardian of the infant plaintiff, failed to follow instructions issued by medical professionals and staff with respect to the infant-plaintiff; failed to keep the infant-plaintiff's medical appointments; failed to provide an accurate medical, social, and familial history of the infant-plaintiff; failed to accurately relay the infant-plaintiff's medical complaints; and failed to follow medical advice.

**INTERROGATORY 21:** Has the answering defendant or any representatives on his, her or its behalf received any written medical or hospital report relative to the infant plaintiff FREDDIE PIERRELOUIS?

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad and calling for privileged material. Without waiving and subject to these objections, Defendant, GERSON GLUCK, M.D., is not presently aware of any such reports at this stage of the litigation.

**INTERROGATORY 22:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 23:** Has the answering defendant or any representative on his, her or its behalf conducted any investigation or surveillance of the activities or background of the infant plaintiff, FREDDIE PIERRELOUIS, since the commencement of this medical malpractice claim.

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague, overbroad, calling for privileged material, and calling for attorney work product. Without waiving and subject to these objections, Defendant, GERSON GLUCK, M.D., is not in possession of any surveillance videos or photographs.

**INTERROGATORY 24:** If the answer to the preceding interrogatory is in the affirmative, then state: ....

**ANSWER:** Not applicable.

**INTERROGATORY 25:** State whether there was or is any insurance policy or policies (primary or excess) in effect, which covered the answering defendant in connection with this medical malpractice claim.

**ANSWER:** Yes.

**INTERROGATORY 26:** If the answer to the preceding interrogatory is in the affirmative, then state:

a) The name and address of each insurance company who issued such policy or policies;
b) The policy number[sic] or numbers;
c) The effective dates of such insurance contract(s);
d) The limits of coverage under each policy, including coverage for medical payments;
e) Whether such policy(ies) were primary or excess;
f) The name and/or additional assureds under each policy;
g) Who is in possession and custody of a copy of such policy or policies at this time;
h) Attach to your answer to this interrogatory a copy of each such policy.

**ANSWER:** Defendant, GERSON GLUCK, M.D previously responded to this interrogatory in his initial disclosures.

**INTERROGATORY 27:** State whether the answering or any person on his, her or its behalf intends to call an expert witness at the trial of this action.

**ANSWER:** Defendant, GERSON GLUCK, M.D., objects to this interrogatory as vague. Notwithstanding this objection, and presuming that the interrogatory should read "State whether the answering defendant or any person on his, her or its behalf intends to call an expert witness at the trial of this action," defendant, GERSON GLUCK, M.D. responds in the affirmative.

**INTERROGATORY 28:** If the answer to the preceding interrogatory is in the affirmative, then state for each such expert:

a) The expert's name, address, credentials including schools, Board Certifications, Internships, Residencies and Fellowships, published and peer reviewed articles, and area(s) of expertise;
b) The subject matter of which each such expert is expected to testify;
c) The sum and substance of each such expert's opinions in connection with the claims against this answering defendant;
d) The basis for each such expert's opinions in connection with the claims against this answering defendant;
e) The documents, records or other materials each such expert has reviewed in reaching such opinions;
f) Attach to your responses to this interrogatory a copy of each expert's curriculum vitae;
g) Attach to your responses to this interrogatory a copy of any and all reports prepared by each such expert in connection with his or her review of this claim;

h) Provide a list of all state or federal litigations in which such expert has been qualified to testify as an expert (including the title, venue, tribunal, docket or index number of each litigation);
i) Attach to your responses to this interrogatory a transcript of each such expert's testimony in the litigations identified in response to the foregoing sub-part of this interrogatory.

**ANSWER:** Defendant, GERSON GLUCK, M.D., has not retained an expert witness to date. A supplement to this response will be provided at the appropriate time subject to appropriate Rule 26(b)(4) objections that may be made at that time and are preserved here.

July 17, 2008

Respectfully Submitted,

/s  
Alexander Sikoscow (AS-4076)  
GERSPACH SIKOSCOW LLP  
Attorneys for Defendant  
GERSON GLUCK, M.D.  
59 Maiden Lane, 39th Floor  
New York, New York 10038  
(212) 545-4094

TO:  
NAPOLI BERN & RIPKA, LLP  
Attorneys for Plaintiffs  
115 Broadway, 12th Floor  
New York, New York 10006  
(212) 267-3700

MEISELMAN, DENELA, PACKMAN  
CARTON & EBERZ, P.C.  
Attorneys for Defendants  
ESTHER BEKRITSKY, M.D.,  
GAVIN JOFFE, M.D., MONSEY FAMILY  
MEDICAL CENTER  
1311 Mamaroneck Avenue  
White Plains, New York 10605  
(914) 517-5055

HEIDELL, PITTONI, MURPHY & BACH, LLP
Attorneys for Defendant
GOOD SAMARITAN HOSPITAL
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100

O'CONNOR, MCGUINESS, CONTE, DOYLE
& OLESON, ESQS.
Attorneys for Defendants
ERIC SILVA, M.D.
and FE MURPHY, M.D.
One Barker Avenue
White Plains, New York 10601
(914) 948-0645

VERIFICATION

SOUTHERN DISTRICT OF NEW YORK: SS:

GERSON GLUCK, M.D., being duly sworn, deposes and says:

I am a Defendant in the above action. I have read and reviewed the foregoing Defendant's Response to Plaintiffs' Interrogatories. I declare under penalty of perjury that the foregoing and answers therein are true and correct.

_____
Gerson Gluck, M.D.

Executed on the 17 day of July, 2008