UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FREDDIE PIERRELOUIS, a minor under 14 years of age by his
Father and Natural Guardian, EDDY PIERRELOUIS, and EDDY
PIERRELOUIS, Individually,

|  |  |
|---|---|
| Plaintiff(s) | **Docket No.:**<br>**08 CV 0123 (SCR)** |

- against -

ESTHER BEKRITSKY, M.D., GERSON GLUCK, M.D.,
GAVIN JOFFE, M.D., ERIC SILVA, M.D., "JOHN"
SILVERBERG, M.D. (first name being fictitious and unknown),
FE MURPHY, M.D., MONSEY FAMILY MEDICAL CENTER,
and GOOD SAMARITAN HOSPITAL MEDICAL CENTER,

**DEFENDANT'S
RESPONSES TO
PLAINTIFF'S
FIRST SET OF
INTERROGATORIES**

Defendants.
------------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that defendant GOOD SAMARITAN HOSPITAL

s/h/a "GOOD SAMARITAN HOSPITAL MEDICAL CENTER" by its attorneys, Heidell,

Pittoni, Murphy & Bach, LLP upon information and belief, respectfully sets forth the following

responses to Plaintiff's First Set of Interrogatories dated June 16, 2008:

## GENERAL OBJECTIONS

A.      Defendant objects to plaintiff's interrogatories to the extent that they

impose obligations that are inconsistent with the Federal Rules of Evidence, or otherwise exceed

the permissible scope of discovery under these rules.

B.      Defendant objects to plaintiffs' interrogatories as overbroad, unduly

burdensome and beyond the permissible scope of discovery to the extent that they seek

information or the identification of documents and/or witnesses not in defendants' possession,

custody, or control, and/or in the possession of, or readily available to, plaintiff.

536113.1

C.      Defendant objects to plaintiff's interrogatories to the extent that they are vague, confusing, ambiguous, excessively broad and/or require an unduly burdensome search for information or the identification of documents and/or witnesses, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

D.      Defendant objects to plaintiffs' interrogatories to the extent they seek information that may be derived or ascertained from plaintiffs' knowledge, from plaintiffs' records, or from documents already in plaintiffs' possession.

E.      Defendant objects to the instructions and definitions sought to be imposed to the extent the instructions and/or definitions conflict with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York and particularly Local Rule 26.3.

F.      Defendant expressly reserves the right to supplement, clarify, revise or correct any or all of the responses herein at any time.  By making the following responses to plaintiffs' interrogatories, defendant does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality and privilege.  Further, defendant provides the responses herein without in any manner implying or admitting that any item in the interrogatories or any responses thereto is relevant or material to the subject matter of this action.

## RESERVATIONS

A.      The following Responses to Plaintiffs' Interrogatories are based on facts known to Defendant at the time of responding to the requests and a review of materials reasonably expected to contain responsive information.  Defendant reserves the right to amend or supplement these responses in accordance with information, documents and things subsequently

536113.1

obtained in discovery, and provide these responses without prejudice to the right to produce information omitted from these responses by oversight, inadvertence, good faith error, or mistake.

B.      Defendant further notes that the information, referenced in these responses to Plaintiffs' Interrogatories may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible in evidence.  Defendant therefore reserves all objections relating to the admissibility of evidence.

### RESPONSES TO INTERROGATORIES

1.      State the date(s), time(s) and place(s) that the defendant(s) treated, diagnosed, examined and/or prescribed for the infant plaintiff.

**RESPONSE**:  The chart from GOOD SAMARITAN HOSPITAL reflects that certain professional services were rendered to the infant plaintiff, FREDDIE PIERRELOUIS, at the Emergency Room of GOOD SAMARITAN HOSPITAL, at various times between April 19, 2002 and April 24, 2002.

2.      State the manner in which the defendant(s) claim they treated, diagnosed, examined and/or prescribed for the infant plaintiff.

**RESPONSE**:  Defendant objects to this interrogatory to the extent that it is vague, confusing, ambiguous, excessively broad and unduly burdensome.  Subject to and without waiver of the foregoing objections, certain professional services were rendered to the infant plaintiff at the Emergency Room of GOOD SAMARITAN HOSPITAL in accordance with accepted standards of care.

536113.1

    3.      State the name, address, and title of all persons who have knowledge of the facts and circumstances concerning the treatment, diagnosis, examinations of the infant plaintiff FREDDIE PIERRELOUIS' illness and/or injuries.

**RESPONSE**: Defendant respectfully objects to this interrogatory as this interrogatory calls for knowledge of the state of mind of all persons who have knowledge of any such occurrences. Notwithstanding Defendant's objection and without waiver thereof, other than the parties hereto and any persons who may be named in the GOOD SAMARITAN HOSPITAL records, Defendant is unaware of anyone who has such knowledge.

    4.      State whether the answering defendant took part in, appeared at or testified (orally or in writing) in connection with any Quality Assurance or Risk Management review of the infant plaintiff's treatment, diagnosis and/or examinations?

**RESPONSE**: Defendant respectfully objects to this interrogatory because any such material, if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq. and applicable case law.

    5.      If the answer to the preceding interrogatory is in the affirmative: please:

    a) State the name, address and title of each and every person, committee or entity that conducted such investigation;

    b) State the date(s) when and places where such investigation was conducted;

    c) State the name and address of each and every person who was questioned or gave testimony (oral or written) in connection with such investigation;

536113.1

d) State the name, address and title of each and every person who gave a statement, and whether such statement is signed and/or under oath;

e) State the name, address and title of the custodian of any documents, testimony or other evidence gathered in connection with such investigation;

f) Set forth the substance of each defendant's statement/testimony, indicating the name of the person who made the statement and the form of said statement, e.g., written statement, oral testimony, etc.:

g) Serve a copy of any writings or documents memorializing such statements or testimony along with your responses to this interrogatory.

**RESPONSE**: N/A

6.    Does the answering defendant claim that plaintiff made any statements(s) and/or reports(s) to anyone regarding this medical malpractice claim?

**RESPONSE**:  Defendant objects to this interrogatory on the grounds that the request is overly broad, vague and unduly burdensome.  Notwithstanding defendant's objection, and without waiver thereof, defendant is presently unaware of any information responsive to this demand other than any statements that may be contained in the hospital records pertaining to the infant-plaintiff, as maintained by the defendant.

7.    If the answer to the preceding interrogatory is in the affirmative, then state:

a)    The name, address, and title of the person(s) to whom said statement(s) and/or report(s) were made?

b)      The date(s) when such statement(s) and/or reports were made;

c)      What plaintiff said in such statement(s) and/or report(s);

d)      Whether such statement(s) and/or report(s) was in writing;

e)      Whether such statement(s) and/or report(s) was signed;

f)      The name and address of the person(s) who has possession and
custody such statement at the present time; and

g)      Attach to your responses a copy of each such statement(s).

**RESPONSE**: Defendant objects to interrogatories 7(a) through 7(g) on the grounds that the request is overly broad, vague and unduly burdensome. Notwithstanding defendant's objection, and without waiver thereof, defendant is presently unaware of any information responsive to this demand other than any statements that may be contained in the hospital records pertaining to the infant-plaintiff, as maintained by the defendant. Defendant will provide plaintiff's counsel with a complete copy of defendant GOOD SAMARITAN HOSPITAL'S medical records pertaining to the infant-plaintiff's treatment, upon receipt of an original, duly executed HIPAA compliant authorization and reimbursement for reasonable copying charges.

8.      Did any employee or officer of the answering defendant execute any report in connection with the minor plaintiff's medical malpractice claim?

**RESPONSE**: Defendant respectfully objects to this interrogatory because any such material, if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq. and applicable case law.

9.      If the answer to the preceding interrogatory is in the affirmative, then
state:

a)   The name, address of the person who made out said report;

b)   The date of said report;

c)   The details appearing upon such form;

d)   Attach hereto, at our expense, photocopy thereof.

**RESPONSE**: Defendant respectfully objects to interrogatories 9(a) through 9(d) because any such material, if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq. and applicable case law.

10.   Has the defendant obtained any reports in connection with this accident other than those previously described?

**RESPONSE**: Defendant objects to this interrogatory to the extent that it is vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

11.   If the answer to the preceding interrogatory is in the affirmative, then state:

a)   The name, address and title of the person, bureau, division, department, company or agency who made out said report(s);

b)   The date of said report(s);

c)   The nature of said report(s);

d)   The title of said report(s);

e)   State the name and address of the person(s), bureau(s), department(s), division(s), company(ies) or agency(ies) to whom

the report was disseminated, mailed, transmitted, or otherwise distributed;

f)      State the sum and substance of the content of the report;

g)      Attach hereto a copy of each such report;

h)      State the name, address and title of the person(s) who has possession and custody of the said report(s) at the present time.

**RESPONSE**:  Defendant objects to interrogatories 11(a) through 11(h) to the extent that they are vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

12.    Has the answering Defendant or any person acting on his, her or its behalf made out any report in connection with this medical malpractice claim other than those previously described?

**RESPONSE**:   Defendant respectfully objects to this interrogatory to the extent that it is vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

13.    If the answer to the preceding interrogatory is in the affirmative, then state:

a)      The name, address and title of the person who made out said report(s) and the date(s) thereof;

b)      The nature of said report(s);

c)      State the sum and substance of such report(s);

536113.1

    d)       Attach to your response a copy of all such reports;

    e)       State the name, address of the person who has possession and custody of the said report(s) at the present time;

**RESPONSE**:  Defendant respectfully objects to interrogatories 13(a) through 13(d) to the extent that they are vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

14.     Did anyone report the subject medical malpractice claim to the defendant, his agents and/or employees?

**RESPONSE**:  Defendant respectfully objects to this interrogatory to the extent that it is vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

15.     If the answer to the preceding interrogatory is in the affirmative, then state:

    a)       Whether the report was oral or in writing;

    b)       The date, time and place of the report;

    c)       The name, address and title of the person(s) to whom the report was made;

    d)       The name, address and connection to you of any person who made the report;

    e)       Whether the report was made at the behest of the answering defendant or in the regular course of business;

f)      The sum and substance of such report(s);

g)      Attach a copy of said report to your answer.

**RESPONSE**:  Defendant respectfully objects to interrogatories 15(a) through 15(g) to the extent they are vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

16.    Did the defendant or anyone acting on his behalf obtain from any person or persons any report, statement or testimony to any person, entity or agency concerning the subject medical malpractice claim?

**RESPONSE**:  Defendant respectfully objects to this interrogatory to the extent it is vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law.

17.    If the answer to the preceding interrogatory is in the affirmative, then

state:

a)      The name, address and present whereabouts of each person who

gave such report;

b)      When, where and by whom obtained;

c)      Whether the report, statement or testimony was oral, written, or

otherwise recorded (i.e., via video or audio recording, for

example);

d)      The substance of any oral report, statement or testimony;

e)      The present custody of any written report, statement or testimony;

536113.1

f)        Attach a copy of each such document to your answers.

**RESPONSE**:  Defendant respectfully objects to interrogatories 17(a) through 17(f) to the extent they are vague, confusing, ambiguous, excessively broad, unduly burdensome and calls for material, that if it exists, is privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-d and 2805-j et seq and pursuant to applicable case law..

18.     Does the answering Defendant claim that the plaintiffs were guilty of any contributory negligence in connection with the occurrence of this medical malpractice claim?

**RESPONSE**:  Yes.

19.     If the answer to the preceding interrogatory is in the affirmative, then state specifically and in detail in what respects it will be claimed that the infant plaintiff was contributorily negligent?

**RESPONSE**:  N/A

20.     If the answer to interrogatory 18, *supra*, is in the affirmative, state specifically and in detail in what respects it will be claimed that the plaintiff father was contributorily negligent?

**RESPONSE**:  Defendant objects to this interrogatory because it seeks evidentiary information rather than an amplification of the pleadings and such information is within the exclusive control of the plaintiffs.  Defendant further objects to this demand as being premature as depositions have not yet been completed.  Notwithstanding the above and without waiving these objections defendant states upon information and belief that defendant will rely upon evidence produced during discovery and at trial to establish the contributory negligence of the plaintiff father.

536113.1

Additionally, defendant states, upon information and belief, that the act or acts of negligence, culpability, lack of care or omissions on the part of plaintiff father and/or any other persons consisted of, among other things: failure to represent to defendant GOOD SAMARITAN HOSPITAL a full, accurate and complete medical history; failure to accurately and completely follow medical advice; failure to completely and accurately recite complaints and symptoms; failure to obey recommendations and suggestions with respect to treatment and medication; failure to exercise that degree of care for infant-plaintiff's care and health as a reasonably prudent person would have exercised under the same or similar circumstances; failure and neglect to follow prescribed practices and procedures of which plaintiff was advised; failure and neglect to perform prescribed practices and procedures in a proper manner; failure to follow services and advice given regarding standard accepted medical practices and procedures; failure to follow medical advice to admit the infant-plaintiff and or to remain hospitalized at GOOD SAMARITAN HOSPITAL; leaving GOOD SAMARITAN HOSPITAL against medical advice; failure to relate symptoms, conditions and complaints in a timely, proper and adequate fashion; failure to follow instructions regarding treatment and/or administration of medication; failure to properly and timely administer medication; failure to follow the instructions regarding follow-up care; failure to consult with physicians; failure to solicit the advice of a physician regarding treatment, together with other acts and omissions unknown to the defendant at this time which may become known in the course of pre-trial discovery.

21.    Has the answering defendant or any representative on his, her, or its behalf received any written medical or hospital report relative to the infant plaintiff FREDDIE PIERRELOUIS?

536113.1

**RESPONSE**: Defendant objects to this interrogatory on the grounds that the request is overly broad, vague and unduly burdensome. Notwithstanding defendant's objection, and without waiver thereof, defendant is not in possession of any information responsive to this demand other than the hospital records pertaining to the infant-plaintiff that are maintained by the defendant.

    22.    If the answer to the preceding interrogatory is in the affirmative, then state:

    a)    the date of each medical report;

    b)    The name and address of the doctor, nurse, intern or hospital who made such report;

    c)    State the details of such medical report(s) including diagnosis, treatment or other information;

    d)    Attach a copy of any such medical report to your responses.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that the request is overly broad, vague and unduly burdensome. Notwithstanding defendant's objection, and without waiver thereof, defendant is not in possession of any information responsive to this demand other than the hospital records pertaining to the infant-plaintiff that are maintained by the defendant. Defendant will provide plaintiff's counsel with a complete copy of defendant GOOD SAMARITAN HOSPITAL'S medical records pertaining to the infant-plaintiff's treatment, upon receipt of an original, duly executed HIPAA compliant authorization and reimbursement for reasonable copying charges.

    23.    Has the answering Defendant or any representative on his, her or its behalf

536113.1

conducted any investigation or surveillance of the activities or background of the infant plaintiff,

FREDDIE PIERRELOUIS, since the commencement of this medical malpractice claim.

        **RESPONSE:**  Defendant objects to this interrogatory on the grounds that the

request is overly broad, vague and calls for privileged material.  Notwithstanding defendant's

objection, and without waiver thereof, defendant is not in possession of any surveillance videos

or photographs.

        24.      If the answer to the preceding interrogatory is in the affirmative, then

state:

        a)      The name, address and title of the person(s) who conducted said investigation and or surveillance;

        b)      The dates when such investigation and/or surveillance were conducted;

        c)      The name and address of each and every person who was interviewed in connection with said investigation and/or surveillance;

        d)      The sum and substance of the statement(s) of each and every person interviewed in connection with such investigation and/or surveillance;

        e)      Whether any recordings, video or audiotape or otherwise were made of the infant plaintiff;

        f)      If recordings of any sort were made of the infant plaintiff, the dates of such recordings;

536113.1

g)  The name and address of the person(s) who took said pictures, audio or video recordings, the date said photographs or recordings were taken, the number of feet of film, or the size of electronic data files representing such recordings, the location where such photographs or recordings were taken;

h)  The sum and substance of the incidents/occurrences demonstrated in/on such photographs or recordings;

i)  The name, address, and title of any person controlling or who is the custodian of such recordings;

j)  Attach a copy of such documents, interviews, statements and surveillance recordings to your response to these interrogatories;

k)  State what each person stated on the occasion of such investigation;

l)  If motion pictures were taken, the name and address of the person(s) who took said pictures, the date of said photographs being taken, the number of feet of film taken, where such photographs were taken and what such photographs purport to show;

m)  The amount of the bill of each investigator for the services rendered.

**RESPONSE:** N/A

25.  State whether there was or is any insurance policy or policies (primary or

excess in effect, which covered the answering defendant in connection with this medical malpractice claim.

**RESPONSE**: Yes.

26.    If the answer to the preceding interrogatory is in the affirmative, then state:

a)    The name and address of each insurance company who issued such policy or policies;

b)    The policy number or numbers;

c)    The effective dates of such insurance contract(s);

d)    The limits of coverage under each policy, including coverage for medical payments;

e)    Whether such policy was primary or excess;

f)    The name and/or additional assureds under each such policy;

g)    Who is in possession and custody of a copy of such policy or policies at this time;

h)    Attach to your answer to this interrogatory a copy of each such policy.

**RESPONSE**: Defendant objects to this interrogatory to the extent that it is vague, confusing, ambiguous, excessively broad and inclusive. Subject to and without waiver of the foregoing objections, Defendant, GOOD SAMARITAN HOSPITAL is covered by a policy issued by Bon Secours Assurance Company effective on an occurrence basis for the period September 1, 2001 to September 1, 2002, in the amount of $2,000,000 per occurrence.

27.    State whether the answering Defendant or any person on his, her or its

536113.1

behalf intends to call an expert witness at the trial of this action.

       **RESPONSE:** Defendant has not yet retained an expert for the purposes of trial, but will supplement this response as appropriate.

28.     If the answer to the preceding interrogatory is in the affirmative, then state for each such expert:

    a)     The expert's name, address, credentials including schools, Board Certifications, Internships, Residencies and Fellowships, published and peer reviewed articles, and areas of expertise;

    b)     The subject matter of which the expert is expected to testify;

    c)     The sum and substance of each such expert's opinions in connection with the claims against this answering defendant;

    d)     The basis for each such expert's opinions in connection with the claims against this answering defendant;

    e)     The documents, records, or other materials each such expert has reviewed in reaching such opinions;

    f)     Attach to your response to this interrogatory a copy of each expert's curriculum vitae;

    g)     Attach to your response to this interrogatory a copy of any and all reports prepared by each such expert in connection with his or her review of this claim;

    h)     Provide a list of all state or federal litigations in which such expert has been qualified to testify as an expert (including the title, venue, tribunal, docket or index number of each litigation);

i)    Attach to your responses to this interrogatory a transcript of each

such expert's testimony in the litigations identified in responses to

the foregoing sub-part of this interrogatory.

**RESPONSE**: Defendant has not yet retained an expert for the purposes of trial,

but will supplement this response as appropriate subject to the appropriate Rule 26(b)(4)

objections that may be made at that time and are preserved here.

Dated: White Plains, New York
         August 12, 2008


Yours, etc.

HEIDELL, PITTONI, MURPHY & BACH, LLP


By:    _____
       JENNIFER L. LUCATO (JL 6434)
       Attorneys for Defendant
       GOOD SAMARITAN HOSPITAL, s/h/a
       "GOOD SAMARITAN HOSPITAL MEDICAL
       CENTER"
       Office & P.O. Address
       81 Main Street – Suite 112
       White Plains, New York  10601
       (914) 559-3100


TO:    NAPOLI BERN RIPKA, LPP
       Attorneys for Plaintiff(s)
       350 5th Avenue, Suite 7413
       New York, New York  10016
       (212) 267-3700

       MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.
       Attorneys for Defendants Esther Bekritsky, M.D., Gavin Joffe, M.D., and Monsey
       Medical Center
       Attn: Richard C. Baker, Esq.
       1311 Mamaroneck Avenue
       White Plains, New York 10605
       (914) 517-5000 (Telephone)
       (914) 517-5055 (Fax)

536113.1

GERSPACH SIKOSCOW, LLP
Attorneys for Defendant Gerson Gluck, M.D.
Attn: Alexander Sikoscow, Esq.
59 Maiden Lane
New York, New York 11038
(212) 545-4046 (Telephone)
(212) 545-4095 (Fax)

O'CONNOR, McGUINESS, CONTE, DOYLE & OLESON, ESQS.
Attorneys for Defendants Eric Silva, M.D. and Fe Murphy, M.D.
One Barker Avenue, Suite 675
White Plains, New York 10601
(914) 948- 4500 (Telephone)
(914) 948-0645 (Fax)

536113.1

**VERIFICATION**

STATE OF NEW YORK          )
                                              ) ss.:
COUNTY OF ROCKLAND  )

       Estela Hagel, being duly sworn, deposes and states as follows:

       I am the Risk Manager of Good Samaritan Hospital.  I have read the forgoing Defendant's Response to Plaintiffs' Interrogatories and know the contents thereof.  The same are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: Suffern , New York
      August  *12,* 2008

                                        _____
                                        Estela Hagel

Sworn to before me this *12*
day of August, 2008

_____
NOTARY PUBLIC

CAMILLE N. STACK
Notary Public, State of New York
No. 01ST6025223
Qualified in Orange County
Commission Expires Mar. 21, 20 *10*

543430.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                       ) ss.:

COUNTY OF WESTCHESTER    )

        **DIANE FERNANDES**, being sworn, says:

        I am not a party to the action, am over 18 years of age and am employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

        On **August 13, 2008**, I served a true copy of the annexed **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

NAPOLI BERN RIPKA, LPP
Attorneys for Plaintiff(s)
350 5th Avenue, Suite 7413
New York, New York 10016; (212) 267-3700

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.
Attorneys for Defendants Esther Bekritsky, M.D., Gavin Joffe, M.D., and Monsey Medical Center
Attn: Richard C. Baker, Esq.
1311 Mamaroneck Avenue
White Plains, New York 10605; (914) 517-5000

GERSPACH SIKOSCOW, LLP
Attorneys for Defendant Gerson Gluck, M.D.
Attn: Alexander Sikoscow, Esq.
59 Maiden Lane
New York, New York 11038; (212) 545-4046

O'CONNOR, McGUINESS, CONTE, DOYLE & OLESON, ESQS.
Attorneys for Defendants Eric Silva, M.D. and Fe Murphy, M.D.
One Barker Avenue, Suite 675
White Plains, New York 10601; (914) 948- 4500

                                    _Diane Fernandes_
                                    DIANE FERNANDES

Sworn to before me this
13TH day of August, 2008

_____
NOTARY PUBLIC

JENNIFER L. LUCATO
Notary Public, State of New York
Qualified in Dutchess County
Registration No. 02LU6128365
Commission Expires June 13, 20 _09_

536113.1